UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHARO GAIA FUND, LTD., PHARO MACRO FUND, LTD., and PHARO TRADING FUND, LTD.<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>THE BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>　　　　　　Defendant. | Case No. 20-cv-8497<br><br>**COMPLAINT** |

Plaintiffs Pharo Gaia Fund, Ltd., Pharo Macro Fund, Ltd., and Pharo Trading Fund, Ltd. allege as follows:

## PRELIMINARY STATEMENT

1.　　Plaintiffs own beneficial interests in eight series of bonds ("the Bonds") issued by Defendant the Bolivarian Republic of Venezuela ("Venezuela"). Venezuela issued the Bonds pursuant to three separate fiscal agency agreements: the 1997 FAA, the 1998 FAA, and the 2001 FAA (collectively, "the FAAs"). Under the FAAs and the terms of the Bonds, Venezuela made unconditional promises to make punctual principal and interest payments. Since late 2017, however, Venezuela has failed to make contractually mandated principal and interest payments on the Bonds. In this breach of contract action, Plaintiffs seek to recover all due and unpaid principal and interest payments on the Bonds, together with any principal and interest payments that may yet accrue and remain unpaid prior to final judgment.

## PARTIES

2.　　Plaintiff Pharo Gaia Fund, Ltd. ("Pharo Gaia") is a Cayman Islands exempted company organized and existing under the laws of the Cayman Islands, which is managed by,

among others, Pharo Management Inc., a Delaware corporation whose principal place of business is in New York, New York.

3. Plaintiff Pharo Macro Fund, Ltd. ("Pharo Macro") is a Cayman Islands exempted company organized and existing under the laws of the Cayman Islands, which is managed by, among others, Pharo Management Inc., a Delaware corporation whose principal place of business is in New York, New York.

4. Plaintiff Pharo Trading Fund, Ltd. ("Pharo Trading") is a Cayman Islands exempted company organized and existing under the laws of the Cayman Islands, which is managed by, among others, Pharo Management Inc., a Delaware corporation whose principal place of business is in New York, New York.

5. Defendant the Bolivarian Republic of Venezuela is a "foreign state" as defined in 28 U.S.C. § 1603.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1330(a) because this is a nonjury civil action against a foreign state that is not entitled to sovereign immunity under 28 U.S.C. §§ 1605–07 or under any applicable international agreement.  Venezuela is not entitled to sovereign immunity because, in the FAAs, it explicitly and irrevocably waived sovereign immunity with respect to actions arising out of the FAAs or the Bonds.  In addition, under 28 U.S.C. § 1605(a)(2) Venezuela is not entitled to sovereign immunity because this action is based upon Venezuela's commercial activity, including marketing and offering the Bonds in the United States; promising to make payments in the United States; directing the actions of its fiscal agents in the United States; and breaching its contractual obligations to Plaintiffs and others.

7. This Court has personal jurisdiction over Venezuela because, in the FAAs, Venezuela explicitly and irrevocably submitted to the exclusive jurisdiction of this Court with

respect to actions arising out of the FAAs or any bonds issued thereunder. In addition, once Plaintiffs serve Venezuela in accordance with 28 U.S.C. § 1608, this Court will have personal jurisdiction over Venezuela under 28 U.S.C. § 1330(b).

8. Venue is proper because, in the FAAs, Venezuela consented to and waived any objection to venue in this Court with respect to actions arising out of the FAAs or any bonds issued thereunder. Venue is also proper under 28 U.S.C. § 1391(f)(1).

## FACTUAL ALLEGATIONS

9. The 1997 FAA is a contract among Venezuela and Banco Central de Venezuela, as official financial agent, and the Chase Manhattan Bank, as fiscal agent, dated September 3, 1997. The 1997 FAA provides that it is governed by New York law.

10. The 1998 FAA is a contract among Venezuela and Banco Central de Venezuela, as official financial agent, and the Chase Manhattan Bank, as fiscal agent, dated August 6, 1998. The 1998 FAA and its amendments provide that they are governed by New York law.

11. The 2001 FAA is a contract among Venezuela and Banco Central de Venezuela, as official financial agent, and Deutsche Bank AG and Deutsche Bank Trust Company Americas (formerly Bankers Trust Company), as fiscal agents and principal paying agents, dated July 25, 2001. The 2001 FAA and its amendments provide that they are governed by New York law.

12. Venezuela issued each series of the Bonds under the 1997 FAA, the 1998 FAA, or the 2001 FAA. The Bonds are governed by their terms, as set forth in the Bonds themselves and in the offering documents for each series, as well as by the applicable FAA. The terms of the Bonds provide that the Bonds are governed by New York law.

13. Each FAA provides that any bonds issued thereunder are unsecured, direct, unconditional, and general obligations of Venezuela.

14. Each FAA further provides that Venezuela pledges its full faith and credit to the due and punctual payment of any bonds issued thereunder.

15. Plaintiffs are beneficial owners of the Bonds in the following amounts:

| Series | ISIN | Maturity Date | Interest Due Dates | FAA | Plaintiff Beneficial Holders | Principal Amount |
|---|---|---|---|---|---|---|
| 6.00% 2020 Bonds | USP97475AG56 | Dec. 9, 2020 | June 9; Dec. 9 | 2001 FAA and Amends. 1-2 | Pharo Gaia | $ 186,000,000 |
| | | | | | Pharo Macro | $ 190,450,000 |
| | | | | | Pharo Trading | $ 4,500,000 |
| 9.00% 2023 Bonds | USP17625AA59 | May 7, 2023 | May 7; Nov. 7 | 2001 FAA and Amends. 1-3 | Pharo Gaia | $ 24,000,000 |
| | | | | | Pharo Macro | $ 19,000,000 |
| 8.25% 2024 Bonds | USP97475AP55 | Oct. 13, 2024 | April 13; Oct. 13 | 2001 FAA and Amends. 1-3 | Pharo Gaia | $ 75,500,000 |
| | | | | | Pharo Macro | $ 44,300,000 |
| | | | | | Pharo Trading | $ 17,700,000 |
| 7.65% 2025 Bonds | XS0217249126 | April 21, 2025 | April 21; Oct. 21 | 2001 FAA and Amends. 1-2 | Pharo Gaia | $ 176,000,000 |
| | | | | | Pharo Macro | $ 255,500,000 |
| | | | | | Pharo Trading | $ 26,000,000 |
| 11.75% 2026 Bonds | USP17625AE71 | Oct. 21, 2026 | April 21; Oct. 21 | 2001 FAA and Amends. 1-3 | Pharo Macro | $ 5,000,000 |
| 9.25% 2027 Bonds | US922646AS37 | Sept. 15, 2027 | Mar. 15; Sept. 15 | 1997 FAA | Pharo Gaia | $ 143,000,000 |
| | | | | | Pharo Macro | $ 106,000,000 |
| | | | | | Pharo Trading | $ 27,000,000 |
| 9.375% 2034 Bonds | US922646BL74 | Jan. 13, 2034 | Jan. 13; July 13 | 1998 FAA and Amends. 1-2 | Pharo Gaia | $ 25,000,000 |
| | | | | | Pharo Macro | $ 5,000,000 |
| 7.00% 2038 Bonds | USP97475AJ95 | Mar. 31, 2038 | Mar. 31; Sept. 30 | 2001 FAA and Amends. 1-2 | Pharo Trading | $ 7,000,000 |

16. Beginning in October 2017, Venezuela began to cease meeting its obligations under the Bonds. Since then, Venezuela has missed every contractually mandated interest payment on the Bonds, amounting to six missed interest payments so far for each series:

| Series | Dates of Missed Interest Payments |
|---|---|
| 6.00% 2020 Bonds | Dec. 9, 2017; June 9, 2018; Dec. 9, 2018; June 9, 2019; Dec. 9, 2019; June 9, 2020 |
| 9.00% 2023 Bonds | Nov. 7, 2017; May 7, 2018; Nov. 7, 2018; May 7, 2019; Nov. 7, 2019; May 7, 2020 |
| 8.25% 2024 Bonds | Oct. 13, 2017; Apr. 13, 2018; Oct. 13, 2018; Apr. 13, 2019; Oct. 13, 2019; Apr. 13, 2020 |
| 7.65% 2025 Bonds | Oct. 21, 2017; Apr. 21, 2018; Oct. 21, 2018; Apr. 21, 2019; Oct. 21, 2019; Apr. 21, 2020 |
| 11.75% 2026 Bonds | Oct. 21, 2017; Apr. 21, 2018; Oct. 21, 2018; Apr. 21, 2019; Oct. 21, 2019; Apr. 21, 2020 |
| 9.25% 2027 Bonds | Mar. 15, 2018; Sept. 15, 2018; Mar. 15, 2019; Sept. 15, 2019; Mar. 15, 2020; Sept. 15, 2020 |
| 9.375% 2034 Bonds | Jan. 13, 2018; July 13, 2018; Jan. 13, 2019; July 13, 2019; Jan. 13, 2020; July 13, 2020 |
| 7.00% 2038 Bonds | Mar. 31, 2018; Sept. 30, 2018; Mar. 31, 2019; Sept. 30, 2019; Mar. 31, 2020; Sept. 30, 2020 |

17. Because Venezuela has failed to make interest payments due on the Bonds for 30 days or more, multiple events of default exist under the terms of each series of the Bonds.

18. In addition to missed interest payments, Venezuela has failed to pay the principal amount currently due on the 9.375% 2034 Bonds.

19. On December 6, 2018, a group of creditors holding 25% or more in aggregate outstanding principal amount of the 9.375% 2034 Bonds accelerated those bonds in accordance with the 1998 FAA and the bond terms, rendering immediately due and payable the full amount of all unpaid principal and interest on those bonds. These unpaid amounts continue to accrue interest at the contract rate, as set forth in the 1998 FAA and the terms of the 9.375% 2034 Bonds.

**FIRST CLAIM FOR RELIEF**
(Breach of Contract on the 6.00% 2020 Bonds)

20. Plaintiffs Pharo Gaia, Pharo Macro, and Pharo Trading repeat and reallege the allegations set forth in the foregoing paragraphs.

21. The 6.00% 2020 Bonds are direct, unconditional, and general obligations of Venezuela.

22. Plaintiffs, as beneficial owners of the 6.00% 2020 Bonds, have performed any obligations they may have under the 2001 FAA, as amended, and the 6.00% 2020 Bonds.

23. Venezuela failed to make interest payments due to Plaintiffs on the 6.00% 2020 Bonds on December 9, 2017; June 9, 2018; December 9; 2018; June 9, 2019; December 9, 2019; and June 9, 2020, as required by the terms of the 6.00% 2020 Bonds.

24. As a result, Venezuela owes Plaintiffs the following amounts on the 6.00% 2020 Bonds, excluding prejudgment interest and any interest or principal payments that may accrue and remain unpaid prior to final judgment:

   i. Pharo Gaia: $33,480,000

   ii. Pharo Macro: $34,281,000

   iii. Pharo Trading: $810,000

25. Plaintiffs have been authorized to bring this action as beneficial owners of the 6.00% 2020 Bonds.

**SECOND CLAIM FOR RELIEF**
(Breach of Contract on the 9.00% 2023 Bonds)

26. Plaintiffs Pharo Gaia and Pharo Macro repeat and reallege the allegations set forth in the foregoing paragraphs.

27. The 9.00% 2023 Bonds are direct, unconditional, and general obligations of Venezuela.

28. Pharo Gaia and Pharo Macro, as beneficial owners of the 9.00% 2023 Bonds, have performed any obligations they may have under the 2001 FAA, as amended, and the 9.00% 2023 Bonds.

29. Venezuela failed to make interest payments due to Pharo Gaia and Pharo Macro on the 9.00% 2023 Bonds on November 7, 2017; May 7, 2018; November 7, 2018; May 7, 2019; November 7, 2019; and May 7, 2020, as required by the terms of the 9.00% 2023 Bonds.

30. As a result, Venezuela owes Pharo Gaia and Pharo Macro the following amounts on the 9.00% 2023 Bonds, excluding prejudgment interest and any interest or principal payments that may accrue and remain unpaid prior to final judgment:

   i. Pharo Gaia: $6,480,000
   ii. Pharo Macro: $5,130,000

31. Pharo Gaia and Pharo Macro have been authorized to bring this action as beneficial owners of the 9.00% 2023 Bonds.

**THIRD CLAIM FOR RELIEF**
(Breach of Contract on the 8.25% 2024 Bonds)

32. Plaintiffs Pharo Gaia, Pharo Macro, and Pharo Trading repeat and reallege the allegations set forth in the foregoing paragraphs.

33. The 8.25% 2024 Bonds are direct, unconditional, and general obligations of Venezuela.

34. Plaintiffs, as beneficial owners of the 8.25% 2024 Bonds, have performed any obligations they may have under the 2001 FAA, as amended, and the 8.25% 2024 Bonds.

35. Venezuela failed to make interest payments due to Plaintiffs on the 8.25% 2024 Bonds on October 13, 2017; April 13, 2018; October 13, 2018; April 13, 2019; October 13, 2019; and April 13, 2020, as required by the terms of the 8.25% 2024 Bonds.

36. As a result, Venezuela owes Plaintiffs the following amounts on the 8.25% 2024 Bonds, excluding prejudgment interest and any interest or principal payments that may accrue and remain unpaid prior to final judgment:

    i. Pharo Gaia: $18,686,250

    ii. Pharo Macro: $10,964,250

    iii. Pharo Trading: $4,380,750

37. Plaintiffs have been authorized to bring this action as beneficial owners of the 8.25% 2024 Bonds.

### FOURTH CLAIM FOR RELIEF
(Breach of Contract on the 7.65% 2025 Bonds)

38. Plaintiffs Pharo Gaia, Pharo Macro, and Pharo Trading repeat and reallege the allegations set forth in the foregoing paragraphs.

39. The 7.65% 2025 Bonds are direct, unconditional, and general obligations of Venezuela.

40. Plaintiffs, as beneficial owners of the 7.65% 2025 Bonds, have performed any obligations they may have under the 2001 FAA, as amended, and the 7.65% 2025 Bonds.

41. Venezuela failed to make interest payments due to Plaintiffs on the 7.65% 2025 Bonds on October 21, 2017; April 21, 2018; October 21, 2018; April 21, 2019; October 21, 2019; and April 21, 2020, as required by the terms of the 7.65% 2025 Bonds.

42. As a result, Venezuela owes Plaintiffs the following amounts on the 7.65% 2025 Bonds, excluding prejudgment interest and any interest or principal payments that may accrue and remain unpaid prior to final judgment:

    i. Pharo Gaia: $40,392,000

    ii. Pharo Macro: $58,637,250

      iii. Pharo Trading: $5,967,000

43. Plaintiffs have been authorized to bring this action as beneficial owners of the 7.65% 2025 Bonds.

### FIFTH CLAIM FOR RELIEF
(Breach of Contract on the 11.75% 2026 Bonds)

44. Plaintiff Pharo Macro repeats and realleges the allegations set forth in the foregoing paragraphs.

45. The 11.75% 2026 Bonds are direct, unconditional, and general obligations of Venezuela.

46. Pharo Macro, as a beneficial owner of the 11.75% 2026 Bonds, has performed any obligations it may have under the 2001 FAA, as amended, and the 11.75% 2026 Bonds.

47. Venezuela failed to make interest payments due to Pharo Macro on the 11.75% 2026 Bonds on October 21, 2017; April 21, 2018; October 21, 2018; April 21, 2019; October 21, 2019; and April 21, 2020, as required by the terms of the 11.75% 2026 Bonds.

48. As a result, Venezuela owes Pharo Macro $1,762,500 on the 11.75% 2026 Bonds, excluding prejudgment interest and any interest or principal payments that may accrue and remain unpaid prior to final judgment.

49. Pharo Macro has been authorized to bring this action as a beneficial owner of the 11.75% 2026 Bonds.

### SIXTH CLAIM FOR RELIEF
(Breach of Contract on the 9.25% 2027 Bonds)

50. Plaintiffs Pharo Gaia, Pharo Macro, and Pharo Trading repeat and reallege the allegations set forth in the foregoing paragraphs.

51. The 9.25% 2027 Bonds are direct, unconditional, and general obligations of Venezuela.

52. Plaintiffs, as beneficial owners of the 9.25% 2027 Bonds, have performed any obligations they may have under the 1997 FAA and the 9.25% 2027 Bonds.

53. Venezuela failed to make interest payments due to Plaintiffs on the 9.25% 2027 Bonds on March 15, 2018; September 15, 2018; March 15, 2019; September 15, 2019; March 15, 2020; and September 15, 2020, as required by the terms of the 9.25% 2027 Bonds.

54. As a result, Venezuela owes Plaintiffs the following amounts on the 9.25% 2027 Bonds, excluding prejudgment interest and any interest or principal payments that may accrue and remain unpaid prior to final judgment:

   i. Pharo Gaia: $39,682,500

   ii. Pharo Macro: $29,415,000

   iii. Pharo Trading: $7,492,500

55. Plaintiffs have been authorized to bring this action as beneficial owners of the 9.25% 2027 Bonds.

### SEVENTH CLAIM FOR RELIEF
(Breach of Contract on the 9.375% 2034 Bonds)

56. Plaintiffs Pharo Gaia and Pharo Macro repeat and reallege the allegations set forth in the foregoing paragraphs.

57. The 9.375% 2034 Bonds are direct, unconditional, and general obligations of Venezuela.

58. Pharo Gaia and Pharo Macro, as beneficial owners of the 9.375% 2034 Bonds, have performed any obligations they may have under the 1998 FAA, as amended, and the 9.375% 2034 Bonds.

59. Venezuela failed to make interest payments due to Pharo Gaia and Pharo Macro on the 9.375% 2034 Bonds on January 13, 2018; July 13, 2018; January 13, 2019; July 13, 2019; January 13, 2020; and July 13, 2020, as required by the terms of the 9.375% 2034 Bonds.

60. Venezuela failed to pay the full amount of all unpaid principal and interest due to Pharo Gaia and Pharo Macro on the 9.375% 2034 Bonds on December 6, 2018, when the 9.375% 2034 Bonds were accelerated.

61. As a result, Venezuela owes Pharo Gaia and Pharo Macro the following amounts on the 9.375% 2034 Bonds, excluding prejudgment interest and any interest payments that may accrue and remain unpaid prior to final judgment:

   i. Pharo Gaia:  $32,031,250

   ii. Pharo Macro:  $6,406,250

62. Pharo Gaia and Pharo Macro have been authorized to bring this action as beneficial owners of the 9.375% 2034 Bonds.

## EIGHTH CLAIM FOR RELIEF
(Breach of Contract on the 7.00% 2038 Bonds)

63. Plaintiff Pharo Trading repeats and realleges the allegations set forth in the foregoing paragraphs.

64. The 7.00% 2038 Bonds are direct, unconditional, and general obligations of Venezuela.

65. Pharo Trading, as a beneficial owner of the 7.00% 2038 Bonds, has performed any obligations it may have under the 2001 FAA, as amended, and the 7.00% 2038 Bonds.

66. Venezuela failed to make interest payments due to Pharo Trading on the 7.00% 2038 Bonds on March 31, 2018; September 30, 2018; March 31, 2019; September 30, 2019; March 31, 2020; and September 30, 2020, as required by the terms of the 7.00% 2038 Bonds.

67. As a result, Venezuela owes Pharo Trading $1,470,000 on the 7.00% 2038 Bonds, excluding prejudgment interest and any interest or principal payments that may accrue and remain unpaid prior to final judgment.

68. Pharo Trading has been authorized to bring this action as a beneficial owner of the 7.00% 2038 Bonds.

## REQUEST FOR RELIEF

Plaintiffs demand judgment against Venezuela as follows:

    a. A money judgment in an amount to be determined at trial, but not less than $337,468,500, plus prejudgment interest, contractually mandated interest and principal payments that may accrue and remain unpaid prior to final judgment, postjudgment interest, and attorneys' fees and costs.

    b. Such other and further relief as the Court shall deem just and proper.

Dated: October 12, 2020

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Matthew D. McGill*
    Matthew D. McGill
    1050 Connecticut Avenue, N.W.,
    Washington, D.C. 20036
    Telephone: 202.887.3680
    MMcGill@gibsondunn.com

    Anne Champion
    200 Park Avenue
    New York, N.Y. 10166
    Telephone: 212.351.4000
    AChampion@gibsondunn.com

    *Attorneys for Plaintiffs*