# GIBSON DUNN

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/8/2020

Matthew D. McGill
Direct: +1 202.887.3680
Fax: +1 202.530.9662
MMcGill@gibsondunn.com

December 8, 2020

Hon. Analisa Torres
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15D
New York, NY 10007

Re:   *Pharo Gaia Fund et al. v. The Bolivarian Republic of Venezuela*, No. 20-cv-8497

Dear Judge Torres:

Plaintiffs Pharo Gaia Fund, Ltd., Pharo Macro Fund, Ltd., and Pharo Trading Fund, Ltd. (collectively, the "Funds") submit this letter in accordance with the Court's Initial Pretrial Conference Order of October 15, 2020. Because, as described below, service has not yet been effected on Defendant the Bolivarian Republic of Venezuela ("Venezuela"), this letter is submitted only by the Funds. In addition to providing the information required by the Court's Initial Pretrial Conference Order, the Funds request an adjournment of the Initial Pretrial Conference and associated deadlines.[1]

1. **Description of the Case**

This is a breach of contract action arising from Venezuela's alleged failure to make contractually mandated payments on eight series of bonds (the "Bonds") issued by Venezuela:

- 6.00% Bonds due December 9, 2020
- 9.00% Bonds due May 7, 2023
- 8.25% Bonds due October 13, 2024
- 7.65% Bonds due April 21, 2025
- 11.75% Bonds due October 21, 2026
- 9.25% Bonds due September 15, 2027
- 9.375% Bonds due January 13, 2034
- 7.00% Bonds due March 31, 2038

The Bonds were issued pursuant to fiscal agency agreements signed by Venezuela in 1997, 1998, and 2001.

---

[1] This letter is submitted the day after the December 7, 2020 deadline set by the Court. Counsel for the Funds sincerely apologizes to the Court for the late submission.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

GIBSON DUNN

Hon. Analisa Torres
December 8, 2020
Page 2

The Funds are beneficial owners of various amounts in the Bonds and seek payment of all accrued and unpaid principal and interest (including principal and interest that may yet accrue and be unpaid prior to judgment), together with prejudgment interest and attorneys' fees. As alleged by the Funds, Venezuela has not made the required interest or principal payments on the Bonds since at least October 2017. The Bonds constitute valid, binding legal obligations, and nonpayment of the accrued principal and interest entitles the Funds to a prompt judgment in this Court in the amount of the accrued and unpaid principal and interest.

Venezuela is a foreign state within the meaning of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603. The Funds allege that Venezuela waives its sovereign immunity for suits in this Court relating to the Bonds through the various fiscal agency agreements.

This case has been designated related to prior proceedings against Venezuela involving failure to pay principal and interest owed on other sovereign bonds. Most relevant here, the case is related to a prior litigation between Pharo Gaia Fund, Ltd. and Pharo Macro Fund, Ltd., and Venezuela. *See Pharo Gaia Fund, Ltd. v. Bolivarian Republic of Venezuela*, No. 19-CV-3123.

**2.   Status of the Case and Contemplated Motions**

The Funds filed this suit on October 12, 2020. *See* Dkt. 1. Following the issuance of the summons, the Funds promptly filed a request pursuant to 28 U.S.C. § 1604(a)(4) for the Clerk of Court to send the service documents to the Department of State of the United States for service on Venezuela. The Clerk of Court certified on October 16, 2020 that such delivery to the Department of State had been effected. *See* Dkt. 12. As of the date of this letter, however, the Department of State has not yet apprised the Funds or the Court whether service on Venezuela has been effected.

On December 4, 2020, the Funds emailed counsel for Venezuela in the prior litigation between the parties whether it was authorized to accept service of the complaint on Venezuela's behalf. Counsel for Venezuela in the prior litigation between the parties advised that it was not at this time authorized to accept service of the complaint on Venezuela's behalf.

Because service has not yet been effected, the Funds do not believe that an initial pretrial conference is necessary at this time. However, the Funds intend to move as expeditiously as possible in obtaining a prompt judgment. When service is effected—whether by consent or through the Department of State—the Funds intend to promptly file a pre-motion letter seeking leave to file a motion for summary judgment (unless the Funds and Venezuela are able to reach an agreement on the entry and form of judgment).

# GIBSON DUNN

Hon. Analisa Torres
December 8, 2020
Page 3

### 3. Prospects of Settlement

The parties have not yet had meaningful settlement discussions, but the Funds will endeavor to do so once service is effected or counsel for Venezuela agrees to accept service.

* * *

For the foregoing reasons, the Funds request that the initial pretrial conference scheduled for December 14, 2020 be adjourned, and that the joint submissions described in the Court's Orders of October 15, 2020, *see* Dkts. 9, 10, be deferred until service is completed. This Court ordered similar proceedings in another case—*Altana Credit Opportunities Fund SPC v. Bolivarian Republic of Venezuela*, No. 20-CV-8402—and directed the parties to promptly inform the Court when service is effected or provide status letter in 60 days if service is not effected by then. *See* 20-CV-8402, Dkt. 20. Similar relief is appropriate here.

Sincerely,

/s/ *Matthew D. McGill*

Matthew D. McGill

---

GRANTED. The conference scheduled for December 14, 2020, is ADJOURNED *sine die*. The deadlines to submit a joint letter regarding consent to proceed before a magistrate judge, ECF No. 10, and to submit a joint letter and case management plan in advance of the initial pretrial conference, ECF No. 9, are ADJOURNED. Plaintiffs shall promptly notify the Court when service of process is complete. By **February 8, 2021**, if service has not been completed, Plaintiffs shall submit a letter updating the Court on the status of service.

SO ORDERED.

Dated: December 8, 2020
New York, New York

ANALISA TORRES
United States District Judge