**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| PHARO GAIA FUND, LTD., PHARO MACRO FUND, LTD., and PHARO TRADING FUND, LTD.,<br><br>                          Plaintiffs,<br><br>     v.<br><br>THE BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>                          Defendant. | Case No. 20-cv-8497 (AT) |

**DECLARATION OF MATTHEW D. MCGILL IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR DEFAULT JUDGMENT**

I, Matthew D. McGill, declare and state as follows:

1.      I respectfully submit this Declaration in support of Plaintiffs' application for default judgment.  I have personal knowledge about the information in this Declaration.

2.      I am a partner at the law firm Gibson, Dunn & Crutcher LLP, and I represent Plaintiffs Pharo Gaia Fund, Ltd. ("Pharo Gaia"), Pharo Macro Fund, Ltd. ("Pharo Macro") and Pharo Trading Fund, Ltd. ("Pharo Trading")  in the above-captioned case.

3.      Attached hereto, and included separately from the exhibits set forth below, are (1) a proposed order granting default judgment, (2) a proposed default judgment, (3) a Certificate of Default from the Clerk of Court, (4) a copy of the Complaint, and (5) a copy of a letter and certified copy of diplomatic note from the U.S. Department of State dated March 10, 2021, evidencing service of the summons and Complaint.

A.    **Exhibits**

4.      Attached as Exhibit A is a true and accurate copy of the listing memorandum for the series of bonds issued by Venezuela designated ISIN USP9747AG56 (2020s Listing Memorandum).

5.      Attached as Exhibit B is a true and accurate copy of Pharo Gaia's, Pharo Macro's, and Pharo Gaia's Citigroup Account Statements, dated December 4, 2020, which show their beneficial ownership of the various series of bonds at issue in this proceeding.

6.      Attached as Exhibit C is a true and accurate copy of the listing memorandum for the series of bonds issued by Venezuela designated ISIN USP1765AA59 (2023s Listing Memorandum).

7.      Attached as Exhibit D is a true and accurate copy of the listing memorandum for the series of bonds issued by Venezuela designated ISIN USP97475AP55 (2024s Listing Memorandum).

8.      Attached as Exhibit E is a true and accurate copy of the listing memorandum for the series of bonds issued by Venezuela designated ISIN XS0217249126 (2025s Listing Memorandum).

9.      Attached as Exhibit F is a true and accurate copy of the listing memorandum for the series of bonds issued by Venezuela designated ISIN USP17625AE71 (2026s Listing Memorandum).

10.     Attached as Exhibit G is a true and accurate copy of the prospectus for the series of bonds issued by Venezuela designated ISIN US922646AS37 (2027s Prospectus).

11.     Attached as Exhibit H is a true and accurate copy of the listing memorandum for the series of bonds issued by Venezuela designated ISIN US922646BL74 (2034s Listing Memorandum).

12.     Attached as Exhibit I is a true and accurate copy of the Registered Global Security for the series of bonds issued by Venezuela designated ISIN US922646BL74 (2034s Registered Global Security).

13.     Attached as Exhibit J is a true and accurate copy of the listing memorandum for the series of bonds issued by Venezuela designated ISIN USP97475AJ95 (2038s Listing Memorandum).

14.     Attached as Exhibit K is a true and accurate copy of a fiscal agency agreement dated September 3, 1997, between Venezuela and Banco Central de Venezuela, as Venezuela's official financial agent, and The Chase Manhattan Bank, as fiscal agent ("1997 FAA").

15.     Attached as Exhibit L is a true and accurate copy of a fiscal agency agreement dated August 6, 1998, between Venezuela and Banco Central de Venezuela, as Venezuela's official financial agent, and The Chase Manhattan Bank, as fiscal agent ("1998 FAA").

16.     Attached as Exhibit M are true and accurate copies of two amendments to the 1998 FAA, dated January 19, 2004 and September 29, 2004.  ("1998 FAA Amendments").

17.     Attached as Exhibit N is a true and accurate copy of a fiscal agency agreement dated July 25, 2001, between Venezuela and Banco Central de Venezuela, as Venezuela's official financial agent, and Deutsche Bank AG and Deutsche Bank Trust Company Americas (formerly Bankers Trust Company), as fiscal agents ("2001 FAA").

18.     Attached as Exhibit O are true and accurate copies of three amendments to the 2001 Fiscal Agency Agreement, dated September 19, 2003, March 21, 2005, and December 17, 2007 ("2001 FAA Amendments").

19.     Attached as Exhibit P are true and accurate copies of letters from Cede & Co. authorizing Pharo Gaia, Pharo Macro, and Pharo Trading to initiate suit on the series of bonds

issued by Venezuela designated ISIN USP17625AE71, ISIN USP97475AJ95, ISIN US922646BL74, ISIN US922646AS37, ISIN USP97475AP55, ISIN USP17625AA59, ISIN USP97475AG56 ("Cede & Co. Authorization Letters").

20.     Attached as Exhibit Q is a true and accurate copy of a letter from Deutsche Bank AG authorizing Pharo Gaia, Pharo Macro, and Pharo Trading to initiate suit on the series of bonds issued by Venezuela designated ISIN XS0217249126 ("Deutsche Bank Authorization Letter").

21.     Attached as Exhibit R is a true and accurate copy of a letter from Pharo Gaia, Pharo Macro, and Pharo Trading to Deutsche Bank AG exercising the contractual acceleration right in certain of the bonds.

**B.     Basis for Default Judgment**

22.     On October 12, 2020, the Funds brought this breach-of-contract action against Venezuela.  Dkt. 1.  Although the FAAs provide that service "may be made upon the Consul General of the Republic of Venezuela or, in his or her absence or incapacity, any official of the Consulate of Venezuela," Ex. N § 14(b) (2001 FAA), Venezuela has admitted in other litigation that "the Consul General has been recalled, the Consulate has been closed, and no replacement process agent has been appointed," Mem. of the Bolivarian Rep. of Venezuela in Support of Motion to Vacate Certificate of Default and Dismiss for Lack of Personal Jurisdiction at 13, *Lovati v. Bolivarian Rep. of Venezuela*, No. 1:19-cv-04796-ALC (S.D.N.Y. Mar. 13, 2020), ECF No. 44 (quotation marks omitted).  Plaintiffs' attempt to serve Venezuela at the Consul General was unsuccessful.

23.     28 U.S.C. § 1608(a) provides that in the absence of a special arrangement for service on a foreign sovereign, service may be effected pursuant to an applicable international convention on service of judicial documents, or by sending a copy of the summons and complaint to the head of the ministry of foreign affairs of the sovereign defendant.  Venezuela has explained,

however, that service under an applicable international convention would be ineffective because it "would require the Court to recognize the actions and decrees of the Maduro regime, in contravention of the Executive's exclusive recognition of Juan Guaidó" as President of Venezuela. *See* Mem. of the Bolivarian Rep. of Venezuela in Support of Motion to Vacate Certificate of Default and Dismiss for Lack of Personal Jurisdiction at 17, No. 1:19-cv-04796-ALC (S.D.N.Y. Mar. 13, 2020), ECF No. 44.  Service on the ministry of foreign affairs is unavailable because Venezuela has formally objected to service by mail pursuant to the Convention on the Service Board of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638.  *See* Hague Service Convention, Status Table, https://bit.ly/3koXmSa.  Plaintiffs therefore requested that the Clerk of Court mail, through FedEx, two copies of the complaint and related papers, to the United States Department of State for service on Venezuela.  Dkt. 6.  That mailing was made on October 16, 2020.  Dkt. 12; *see also* 28 U.S.C. § 1608(a)(4).

24.     On March 10, 2021, the U.S. Department of State delivered to Plaintiffs and the Clerk of Court a letter and certified copy of the diplomatic note indicating that the documents had been delivered to the Embassy of the Bolivarian Republic of Venezuela in Washington, DC under cover of U.S. Department of State diplomatic note on February 12, 2021.

25.     Receipt of this letter and certified copy of diplomatic note was acknowledged by the Court on March 18, 2021, with the exception that the docket entry incorrectly lists the date of service as February 12, 2020 rather than February 12, 2021.

26.     Pursuant to 28 U.S.C. § 1608(c)(1) and (d), a foreign state served pursuant to 28 U.S.C. § 1608(a)(4) "shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made," which in these circumstances is "the date of transmittal

indicated in the certified copy of the diplomatic note."  Here, the date of transmittal indicated in the certified copy of the diplomatic note is February 12, 2021.

27.     Accordingly, Venezuela's answer or other responsive pleading was due 60 days from February 12, 2021, or April 13, 2021.

28.     Venezuela did not answer the Complaint or file a responsive pleading by April 13, 2021, and on April 14, 2021, Plaintiffs filed a proposed certificate of default.  Dkt. 20.  Upon direction of the Court, Plaintiffs filed an amended proposed certificate of default on April 15, 2021.  Dkt. 21.  The Clerk of Court issued the certificate of default on April 15, 2021.  Dkt. 22.

**C.    Procedural History**

29.     There is no pertinent procedural history beyond service of the summons and Complaint.

**D.    Legal Basis for Liability**

30.     Because default judgment is sought against a foreign sovereign pursuant to the FSIA, the Court must assure itself that Plaintiffs have "establishe[d] [their] claim or right to relief by evidence satisfactory to the court."  28 U.S.C. § 1608(e).  The facts and evidence establishing Plaintiffs' right to relief are set forth below.

**i.    The Bonds**

31.     The first series of bonds, designated USP9747AG56, matured on December 9, 2020 and accrues interest at a rate of 6.00% per year.  Ex. A (2020s Listing memorandum).  I refer to this series of bonds as "the 6.00% 2020 Bonds" or "the 2020s."

32.     Pharo Gaia is a current beneficial owner of $186,000,000 principal amount of the 6.00% 2020 Bonds.  Ex. B at 3.  Pharo Macro is a current beneficial owner of $190,450,000 principal amount of the 6.00% 2020 Bonds.  Ex. B at 4.  Pharo Trading is a current beneficial owner of $4,500,000 principal amount of the 6.00% 2020 Bonds.  Ex. B at 1.

33.     The terms of the 6.00% 2020 Bonds are set forth in the relevant listing memorandum.  Ex. A (2020s Listing Memorandum).  The 6.00% 2020 Bonds accrue interest at a rate of 6.00% per year until payment of principal, including after maturity if the principal is not paid at maturity.  Ex. A at 19 (2020s Listing Memorandum).  Half of the annual interest (3.00%) is payable biannually on June 9 and December 9 of each year.  Ex. A at 19 (2020s Listing Memorandum).

34.     The 6.00% 2020 Bonds matured on December 9, 2020, at which time the entire principal became due and payable.  *E.g.*, Ex. A at 19 (2020s Listing Memorandum).  Because Venezuela has not paid the principal amount of the 6.00% 2020 Bonds, Venezuela remains obligated to make biannual interest payments at a rate of 6.00% per year.  Ex. A at 19 (2020s Listing Memorandum).[1]

35.     The second series of bonds, designated USP1765AA59, is scheduled to mature on May 7, 2023 and accrues interest at a rate of 9.00% per year.  Ex. C (2023s Listing Memorandum). I refer to this series of bonds as "the 9.00% 2023 Bonds" or "the 2023s."

36.     Pharo Gaia is a current beneficial owner of $24,000,000 principal amount of the 9.00% 2023 Bonds.  Ex. B at 3.  Pharo Macro is a current beneficial owner of $19,000,000 principal amount of the 9.00% 2023 Bonds.  Ex. B at 5.

37.     The terms of the 9.00% 2023 Bonds are set forth in the relevant listing memorandum.  Ex. C (2023s Listing Memorandum).  The 9.00% 2023 Bonds accrue interest at a rate of 9.00% per year until payment of principal, including after maturity if the principal is not

---

[1]  Some of the bonds matured and additional interest payments came due after this suit was filed, or may come due after the filing of this application for default judgment.  However, this Court "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."  Fed. R. Civ. P. 54(c).

paid at maturity.  Ex. C at 14 (2023s Listing Memorandum).  Half of the annual interest (4.50%) is payable biannually on May 7 and November 7 of each year.  Ex. C at 14 (2023s Listing Memorandum).

38.     The third series of bonds, designated USP97475AP55, is scheduled to mature on October 13, 2024 and accrues interest at a rate of 8.25% per year.  Ex. D (2024s Listing Memorandum).  I refer to this series of bonds as "the 8.25% 2024 Bonds" or "the 2024s."

39.     Pharo Gaia is a current beneficial owner of $75,500,000 principal amount of the 8.25% 2024 Bonds.  Ex. B at 3.  Pharo Macro is a current beneficial owner of $44,300,000 principal amount of the 8.25% 2024 Bonds.  Ex. B at 5.  Pharo Trading is a current beneficial owner of $17,700,000 principal amount of the 8.25% 2024 Bonds.  Ex. B at 1.

40.     The terms of the 8.25% 2024 Bonds are set forth in the relevant listing memorandum.  Ex. D (2024s Listing Memorandum).  The 8.25% 2024 Bonds accrue interest at a rate of 8.25% per year until payment of principal, including after maturity if the principal is not paid at maturity.  Ex. D at 15 (2024s Listing Memorandum).  Half the annual interest (4.125%) is payable biannually on April 13 and October 13 of each year.  Ex. D at 15 (2024s Listing Memorandum).

41.     The fourth series of bonds, designated XS0217249126, is scheduled to mature on April 21, 2025 and accrues interest at a rate of 7.65% per year.   Ex. E (2025s Listing Memorandum).  I refer to this series of bonds as "the 7.65% 2025 Bonds" or "the 2025s."

42.     Pharo Gaia is a current beneficial owner of $176,000,000 principal amount of the 7.65% 2025 Bonds.  Ex. B at 3.  Pharo Macro is a current beneficial owner of $255,500,000 principal amount of the 7.65% 2025 Bonds.  Ex. B at 4.  Pharo Trading is a current beneficial owner of $26,000,000 principal amount of the 7.65% 2025 Bonds.  Ex. B at 1.

43.     The terms of the 7.65% 2025 Bonds are set forth in the relevant listing memorandum.  Ex. E (2025s Listing Memorandum).  The 7.65% 2025 Bonds accrue interest at a rate of 7.65% per year until payment of principal, including after maturity if the principal is not paid at maturity.  Ex. E at 22 (2025s Listing Memorandum).  Half of the annual interest (3.825%) is payable biannually on April 21 and October 21 of each year.  Ex. E at 22 (2025s Listing Memorandum).

44.     On December 22, 2020, Plaintiffs—holding 25% or more in aggregate outstanding principal amount of the 7.65% 2025 Bonds—accelerated those bonds, rendering immediately due and payable the full amount of all unpaid principal and interest on those bonds.  Ex. E at 24–25 (2025s Listing Memorandum); Ex. R (Acceleration Letter).  Venezuela remains obligated to make biannual interest payments at a rate of 7.65% per year.  Ex. E at 22 (2025s Listing Memorandum).

45.     The fifth series of bonds, designated USP17625AE71, is scheduled to mature on October 21, 2026 and accrues interest at a rate of 11.75% per year.  Ex. F (2026s Listing Memorandum).  I refer to this series of bonds as "the 11.75% 2026 Bonds" or "the 2026s."

46.     Pharo Macro is a current beneficial owner of $5,000,000 principal amount of the 11.75% 2026 Bonds.  Ex. B at 4.  The terms of the 11.75% 2026 Bonds are set forth in the relevant listing memorandum.  Ex. F (2026s Listing Memorandum).  The 11.75% 2026 Bonds accrue at an interest rate of 11.75% per year until payment of principal, including after maturity if the principal is not paid at maturity.  Ex. F at 15 (2026s Listing Memorandum).  Half of the annual interest (5.875%) is payable biannually on April 21 and October 21 of each year.  Ex. F at 15 (2026s Listing Memorandum).

47.     The sixth series of bonds, designated US922646AS37, is scheduled to mature on September 15, 2027, and accrues interest at a rate of 9.25% per year.  Ex. G (2027s Prospectus).  I refer to this series of bonds as "the 9.25% 2027 Bonds" or "the 2027s."

48.     Pharo Gaia is a current beneficial owner of $143,000,000 principal amount of the 9.25% 2027 Bonds.  Ex. B at 2.  Pharo Macro is a current beneficial owner of $106,000,000 principal amount of the 9.25% 2027 Bonds.  Ex. B at 4.  Pharo Trading is a current beneficial owner of $27,000,000 principal amount of the 9.25% 2027 Bonds.  Ex. B at 1.

49.     The terms of the 9.25% 2027 Bonds are set forth in the relevant prospectus.  Ex. G (2027s Prospectus).  The 9.25% 2027 Bonds accrue at an interest rate of 9.25% per year until payment of principal, including after maturity, including after maturity if the principal is not paid at maturity.  Ex. G at 73 (2027s Prospectus).  Half of the annual interest (4.625%) is payable biannually on March 15 and September 15 of each year.  Ex. G at 73 (2027s Prospectus).

50.     The seventh series of bonds, designated US922646BL74, was scheduled to mature on January 13, 2034 and accrued interest at a rate of 9.375% per year.  Ex. H at 1 (2034s Prospectus Supplement).  I refer to this series of bonds as "the 9.375% 2034 Bonds" or "the 2034s."

51.     Pharo Gaia is a current beneficial owner of $25,000,000 principal amount of the 9.375% 2034 Bonds.  Ex. B at 3.  Pharo Macro is a current beneficial owner of $5,000,000 principal amount of the 9.375% 2034 Bonds.  Ex. B at 4.

52.     The terms of the 9.375% 2034 Bonds are set forth in the relevant Registered Global Security.  Ex. I (2034s Registered Global Security).  The 9.375% 2034 Bonds accrue at an interest rate of 9.375% per year "until the principal hereof is paid or made available for payment."  Ex. I at 2 (2034s Registered Global Security).  Half the annual interest (4.6875%) is payable biannually on January 13 and July 13 of each year.  Ex. I at 2 (2034s Registered Global Security).

53.     On December 6, 2018, a group of creditors holding 25% or more in aggregate outstanding principal amount of the 9.375% 2034 Bonds accelerated those bonds, rendering immediately due and payable the full amount of all unpaid principal and interest on those bonds. Ex. I at 13–14 (2034s Registered Global Security).  Venezuela has not redeemed the 9.375% 2034 Bonds and remains obligated to make biannual interest payments at a rate of 9.375% per year.  Ex. I at 14 (2034s Registered Global Security).

54.     The eighth series of bonds, designated USP97475AJ95, is scheduled to mature on March 31, 2038 and accrues interest at a rate of 7.00% per year.   Ex. J (2038s Listing Memorandum).  I refer to this series of bonds as "the 7.00% 2038 Bonds" or "the 2038s."

55.     Pharo Trading is a current beneficial owner of $7,000,000 principal amount of the 7.00% 2038 Bonds. Ex. B at 1.  The terms of the 7.00% 2038 Bonds are set forth in the relevant listing memorandum.  Ex. J (2038s Listing Memorandum).  The 7.00% 2038 Bonds accrue at an interest rate of 7.00% per year until payment of principal, including after maturity if the principal is not paid at maturity.  Ex. J at 18 (2038s Listing Memorandum).  Half of the annual interest (3.50%) is payable biannually on March 31 and September 30 of each year.  Ex. J at 18 (2038s Listing Memorandum).

56.     In addition to the terms of payment, the global note and/or listing memorandum for each series of bonds lists the following "Events of Default" (among others):

(a) Venezuela shall fail to pay the principal amount of any Security when due and such failure continues for a period of 30 days; or

(b) Venezuela shall fail to pay interest or other amounts due on any Security when due, and such failure continues for a period of 30 days . . . .

Ex. I at 12 (2034s Registered Global Security).

57.     The global notes for the 2034s further provide that if either of those events of default "shall have occurred and be continuing":

> Venezuela agrees to pay within 30 days after receipt of a demand therefor all reasonable and documented out-of-pocket expenses of the holders (including, without limitation, all reasonable counsel fees and court costs, stamp taxes, duties and fees) incurred in connection with any reasonable investigation of any such Event of Default or enforcement of the Securities.

Ex. I at 14 (2034s Registered Global Security).

58.     Also in each of the global notes and/or listing memoranda, Venezuela stated (in sum and substance) that the Bonds "are direct, general, and unconditional obligations of Venezuela," and "pledge[d] its full faith and credit for the due and punctual payment of all amounts due." *E.g.*, Ex. I at 5 (2034s Registered Global Security).

**ii.     The Fiscal Agency Agreements**

59.     Venezuela issued all eight series of bonds pursuant to fiscal agency agreements. The 2027s were issued pursuant to a fiscal agency agreement dated September 3, 1997 (the "1997 FAA"). Ex. K at 1 (1997 FAA). The 2034s were issued pursuant to a fiscal agency agreement dated August 6, 1998 (the "1998 FAA").[2] Ex. L at 1 (1998 FAA). The 2020s, 2023s, 2024s, 2025s, 2026s, and 2038s were issued pursuant to a fiscal agency agreement dated July 25, 2001 (the "2001 FAA").[3] Ex. N at 1 (2001 FAA). All three fiscal agency agreements were signed by authorized representatives of Venezuela. Ex. K at 29 (1997 FAA); Ex. L at 33 (1998 FAA); Ex. N at 31 (2001 FAA). Because the terms of the 1997, 1998, and 2001 fiscal agency agreements are

---

[2] There are two amendments to the 1998 Fiscal Agency Agreement. Ex. M (1998 FAA Amendments). Those amendments are not relevant to this motion.

[3] There are three amendments to the 2001 Fiscal Agency Agreement. Ex. O (2001 FAA Amendments). Those amendments are not relevant to this motion.

materially identical as they relate to this motion, Plaintiffs refer to them collectively as "the Fiscal Agency Agreements" or "the Agreements."

60.     The Fiscal Agency Agreements reiterate that any bonds issued under them are "unsecured . . . , direct, unconditional and general obligations of the Republic," and that the "full faith and credit of the Republic will be pledged for the due and punctual payment of all Notes and for the due and timely performance of all obligations of the Republic."  *E.g.* Ex. N § 1(a) (2001 FAA).

61.     With respect to enforcement, the Fiscal Agency Agreements provide that Venezuela: (1) waives sovereign immunity to the fullest extent permitted by law, *e.g.*, Ex. N § 14(d) (2001 FAA); (2) consents to the personal jurisdiction of this Court and the Supreme Court of the State of New York, County of New York, *id.* § 14(a); (3) consents to service of process through its agent, the Consul General of the Republic of Venezuela in New York, *id.* § 14(b); and (4) agrees that the Fiscal Agency Agreements and the Bonds will be governed by and interpreted in accordance with New York law, *id.* at § 12; *id.* at A-4.

### iii.     Venezuela's Breaches

62.     Starting in October 2017, Venezuela began to cease meeting certain sovereign debt obligations, including its obligations under the Bonds and the Fiscal Agency Agreements.  *See generally* Hanlon Decl.

63.     On the 6.00% 2020 Bonds, Venezuela failed to make seven contractually required pre-maturity interest payments—on December 9, 2017, June 9, 2018, December 9, 2018, June 9, 2019, December 9, 2019, June 9, 2020, and December 9, 2020—and failed to pay the entire principal amount when those bonds matured on December 9, 2020.  Hanlon Decl. ¶¶ 4–7, 10–13, 16–19.

64.     On the 9.00% 2023 Bonds, Venezuela failed to make seven contractually required pre-maturity interest payments:  on November 7, 2017, May 7, 2018, November 7, 2018, May 7, 2019, November 7, 2019, May 7, 2020, and November 7, 2020.  Hanlon Decl. ¶¶ 22–23, 26–27.

65.     On the 8.25% 2024 Bonds, Venezuela failed to make seven contractually required pre-maturity interest payments: on October 13, 2017, April 13, 2018, October 13, 2018, April 13, 2019, October 13, 2019, April 13, 2020, October 13, 2020, and April 13, 2021.  Hanlon Decl. ¶¶ 30–31, 34–35, 38–39.

66.     On the 7.65% 2025 Bonds, Venezuela failed to make seven contractually required pre-maturity interest payments—on October 21, 2017, April 21, 2018, October 21, 2018, April 21, 2019, October 21, 2019, April 21, 2020, and October 21, 2020—and failed to pay the entire principal amount when those bonds matured by acceleration on December 22, 2020.  Hanlon Decl. ¶¶ 42–43, 45–46, 49–50, 52–53, 56–57, 59–60.[4]

67.     On the 11.75% 2026 Bonds, Venezuela failed to make seven contractually required pre-maturity interest payments: on October 21, 2017, on April 21, 2018, October 21, 2018, April 21, 2019, October 21, 2019, April 21, 2020, and October 21, 2020.  Hanlon Decl. ¶¶ 63–64.[5]

68.     On the 9.25% 2027 Bonds, Venezuela failed to make seven contractually required pre-maturity interest payments: on March 15, 2018, September 15, 2018, March 15, 2019, September 15, 2019, March 15, 2020, September 15, 2020, and March 15, 2021.  Hanlon Decl. ¶¶ 67–68, 71–72, 75–76.

---

[4] An eighth pre-maturity interest payment is due on April 21, 2021 and is reflected in the proposed default judgment.

[5] An eighth pre-maturity interest payment is due on April 21, 2021 and is reflected in the proposed default judgment.

69.     On the 9.375% 2034 Bonds, Venezuela failed to make two contractually required pre-maturity interest payments—on January 13, 2018 and July 13, 2018—and five contractually required interest payments after the bond acceleration—on January 13, 2019, July 13, 2019, January 13, 2020, July 13, 2020, and January 13, 2021.  Venezuela also failed to pay the entire principal amount when the group of creditors accelerated the bond on December 6, 2018, rendering the full amount of all unpaid principal and interest immediately due and payable.  Hanlon Decl. ¶¶ 79–80, 82–83, 86–87, 89–90.

70.     On the 7.00% 2038 Bonds, Venezuela failed to make six contractually required pre-maturity interest payments: on March 31, 2018, September 30, 2018, March 31, 2019, September 30, 2019, March 31, 2020, September 30, 2020, and March 31, 2021.  Hanlon Decl. ¶¶ 93–94.

### iv.     Venezuela Has Waived Sovereign Immunity

71.     The FSIA provides that "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter."  28 U.S.C. § 1604.  Section 1605 of the FSIA provides that a "foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case … in which the foreign state has waived its immunity either explicitly or by implication."  28 U.S.C. § 1605(a)(1).  In Section 14(d) of the Fiscal Agency Agreements, Venezuela explicitly waived its sovereign immunity for cases brought in this Court relating to the Bonds:

> To the extent that the Issuer [Venezuela] … shall be entitled, with respect to any **Related Proceeding** at any time brought against the Issuer … in any jurisdiction in which any **Specified Court** is located … to any immunity from suit, from the jurisdiction of any such court … , and to the extent that in any such jurisdiction there shall be attributed such an immunity, **the Issuer irrevocably agrees not to claim and irrevocably waives such immunity to the fullest extent permitted by the laws of such jurisdiction (including, without limitation, the Foreign Sovereign Immunities Act of 1976 of the United States)** ….

Ex. N § 14(d) (2001 FAA) (emphases added); *see also* Ex. K § 14(d) (1997 FAA); Ex. L § 14(d) (1998 FAA).

72.     Plaintiffs' suit on the Bonds is a Related Proceeding, as defined by the Fiscal Agency Agreements, because it is a "suit, action or proceeding against [Venezuela] or its properties, assets or revenues with respect to this Agreement [or] any Note or coupon appertaining thereto." *E.g.*, Ex. N § 14(a) (2001 FAA).  This Court is a Specified Court as defined by the Fiscal Agency Agreements. *E.g.*, Ex. N § 14(a) (2001 FAA).  Thus, because Venezuela has "irrevocably agree[d] not to claim and irrevocably waive[d]" sovereign immunity in these suits, Ex. N § 14(d) (2001 FAA), the FSIA poses no barrier to this Court's exercise of jurisdiction over Plaintiffs' suit. *See EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 203 & n.1 (2d Cir. 2012).

###     v.      Venezuela Breached Its Contractual Obligations

73.     Plaintiffs are entitled to judgment on their breach-of-contract claims for nonpayment of the Bonds because: (1) Plaintiffs have contractual standing to bring these claims, (2) Venezuela has breached its obligations under the Bonds and the Fiscal Agency Agreements, and (3) Venezuela has no defenses.

74.     *First*, Plaintiffs have contractual standing to bring these claims against Venezuela because the record holders of the Bonds have authorized this suit.  *See Allan Applestein TTEE FBO D.C.A. v. Province of Buenos Aires*, 415 F.3d 242, 243 (2d Cir. 2005) (Cede & Co. letters provide contractual standing to sue).  Cede & Co.—the nominee of the Depository Trust Company and the entity acting as the owner and holder of record for the 2020s, 2023s, 2024s, 2026s, 2027s, 2034s, and 2038s—has provided written authorization to Plaintiffs to file suit.  *See* Ex. P (Cede & Co. Authorization Letters).  Deutsche Bank AG—the common depositary for the 2025s—has also provided written authorization to Plaintiffs to file suit.  *See* Ex. Q (Deutsche Bank Authorization Letter).

75.     *Second*, Venezuela is liable for breach of contract.  Under New York law, which applies under the terms of the Fiscal Agency Agreements and the Bonds, the "essential elements of a cause of action to recover damages for breach of contract are (1) the existence of a contract, (2) the plaintiff's performance pursuant to the contract, (3) the defendant's breach of its contractual obligations, and (4) damages resulting from the breach."  *Junger v. John V. Dinan Assocs., Inc.*, 164 A.D.3d 1428, 1430 (N.Y. App. Div. 2018).  It is beyond dispute that the Bonds and the Fiscal Agency Agreements are valid contracts and that Plaintiffs have met all of their obligations.  The following undisputed facts further show that Venezuela has breached its contractual obligations and that Plaintiffs are entitled to damages:

**6.00% 2020 Bonds – The Funds:**

76.     Pharo Gaia is a current beneficial owner of $186,000,000 principal amount of the 6.00% 2020 Bonds.  Ex. B at 3.

77.     Pharo Macro is a current beneficial owner of $190,450,000 principal amount of the 6.00% 2020 Bonds.  Ex. B at 4.

78.     Pharo Trading is a current beneficial owner of $4,500,000 principal amount of the 6.00% 2020 Bonds.  Ex. B at 1.

79.     The 2020s Listing Memorandum sets forth the terms of the 6.00 % 2020 Bonds.  Ex. A (2020s Listing Memorandum).

80.     The bonds accrue interest on June 9 and December 9 of each year at a rate of 6.00% per year (or 3.00% per payment).  Ex. A at 19 (2020s Listing Memorandum).

81.     The bonds matured on December 9, 2020, at which time the entire principal amount became due and payable.  Ex. A at 19 (2020s Listing Memorandum).

82.     Because Venezuela has not repaid the principal amount, the bonds continue to accrue interest at a rate of 6.00% per year, payable on June 9 and December 9 of each year.  Ex. A at 19 (2020s Listing Memorandum).

83.     Venezuela failed to make interest payments of 3.00% on December 9, 2017, June 9, 2018,  December 9, 2018, June 9, 2019, December 9, 2019, June 9, 2020, and December 9, 2020, as required by the terms of the 2020s.  Hanlon Decl. ¶¶ 4, 10, 16; Ex. A at 19 (2020s Listing Memorandum).

84.     Venezuela has yet to make those interest payments.  Hanlon Decl. ¶¶ 5, 11, 17.

85.     Venezuela failed to pay the principal amount on the 6.00% 2020 Bonds, which became due and payable on December 9, 2020.  Hanlon Decl. ¶¶ 6, 12, 18; Ex. A at 13 (2020s Listing Memorandum).

86.     Venezuela has yet to make those principal payments.  Hanlon Decl. ¶¶ 7, 13, 19.

87.     As a result of Venezuela's failure to pay the entire principal amount when the 6.00% 2020 Bonds matured, biannual interest payments on the bonds continue to accrue at a rate of 6.00% per year.  Ex. A at 19 (2020s Listing Memorandum).

88.     As a result of Venezuela's breaches, the Funds are entitled to damages in the amount discussed below.  Hanlon Decl. ¶¶ 8, 14, 20.

**9.00% 2023 Bonds – Pharo Gaia and Pharo Macro:**

89.     Pharo Gaia is a current beneficial owner of $24,000,000 principal amount of the 9.00% 2023 Bonds. Ex. B at 3.

90.     Pharo Macro is a current beneficial owner of $19,000,000 principal amount of the 9.00% 2023 Bonds. Ex. B at 5.

91.     The 2023s Listing Memorandum sets forth the terms of the 9.00% 2023 Bonds.  Ex. C (2023s Listing Memorandum).

92.     The bonds accrue interest on May 7 and November 7 of each year at a rate of 9.00%
per year (or 4.50% per payment).  Ex. C (2023s Listing Memorandum).

93.     Venezuela failed to make interest payments of 4.50% on November 7, 2017, May
7, 2018, November 7, 2018, May 7, 2019, November 7, 2019, May 7, 2020, and November 7, 2020
as required by the terms of the 9.00% 2023 Bonds.  Hanlon Decl. ¶¶ 22, 26; Ex. C at 14 (2023s
Listing Memorandum).

94.     Venezuela has yet to make those interest payments.  Hanlon Decl. ¶¶ 23, 27.

95.     As a result of Venezuela's breaches, Pharo Gaia and Pharo Macro are entitled to
damages in the amounts discussed below.  Hanlon Decl. ¶¶ 24, 28.

**8.25% 2024 Bonds – The Funds:**

96.     Pharo Gaia is a current beneficial owner of $75,500,000 principal amount of the
8.25% 2024 Bonds.  Ex. B at 3.

97.     Pharo Macro is a current beneficial owner of $44,300,000 principal amount of the
8.25% 2024 Bonds.  Ex. B at 5.

98.     Pharo Trading is a current beneficial owner of $17,700,000 principal amount of the
8.25% 2024 Bonds.  Ex. B at 1.

99.     The 2024s Listing Memorandum sets forth the terms of the 8.25% 2024 Bonds.  Ex.
D (2024s Listing Memorandum).

100.    The bonds accrue interest on April 13 and October 13 of each year at a rate of
8.25% per year (or 4.125% per payment).  Ex. D (2024s Listing Memorandum).

101.    Venezuela failed to make interest payments of 4.125% on October 13, 2017, April
13, 2018, October 13, 2018, April 13, 2019, and October 13, 2019, April 13, 2020, October 13,
2020, and April 13, 2021, as required by the terms of the 8.25% 2024 Bonds.  Hanlon Decl. ¶¶ 30,
34, 38; Ex. D at 15 (2024s Listing Memorandum).

102.     Venezuela has yet to make those interest payments.  Hanlon Decl. ¶¶ 31, 35, 39.

103.     As a result of Venezuela's breaches, the Funds are entitled to damages in the amounts discussed below.  Hanlon Decl. ¶¶ 32, 36, 40.

**7.65% 2025 Bonds – The Funds:**

104.     Pharo Gaia is a current beneficial owner of $176,000,000 principal amount of the 7.65% Bonds.  Ex. B at 3.

105.     Pharo Macro is a current beneficial owner of $255,500,000 principal amount of the 7.65% Bonds.  Ex. B at 4.

106.     Pharo Trading is a current beneficial owner of $26,000,000 principal amount of the 7.65% Bonds.  Ex. B at 1.

107.     The 2025s Listing Memorandum sets forth the terms of the 7.65% 2025 Bonds.  Ex. E (2025s Listing Memorandum).

108.     The bonds accrue interest on April 21 and October 21 of each year at a rate of 7.65% per year (or 3.825% per payment).  Ex. E (2025s Listing Memorandum).

109.     A group of creditors holding 25% or more in aggregate outstanding principal amount of the 7.65% 2025 Bonds accelerated those bonds in accordance with the 2001 FAA and the bond terms on December 22, 2020, at which time the entire principal amount became due and payable.  Hanlon Decl. ¶¶ 44, 51, 58; Ex. E at 25 (2025s Listing Memorandum).

110.     Because Venezuela has not repaid the principal amount, the bonds continue to accrue interest at a rate of 7.65% per year, payable on April 21 and October 21 of each year.  Ex. E (2025s Listing Memorandum).

111.     Venezuela failed to make interest payments of 3.825% on October 21, 2017, April 21, 2018, October 21, 2018, April 21, 2019, October 21, 2019, April 21, 2020, and October 21,

2020 as required by the terms of the 7.65% 2025 Bonds.  Hanlon Decl. ¶¶ 42, 49, 56; Ex. E at 22

(2025s Listing Memorandum).

112.    Venezuela has yet to make those interest payments.  Hanlon Decl. ¶¶ 43, 50, 57.

113.    Venezuela failed to pay the principal amount on the 7.65% 2025 Bonds, which

became due and payable on December 22, 2020.  Hanlon Decl. ¶¶ 45, 52, 59; Ex. E at 25 (2025s

Listing Memorandum).

114.    As a result of Venezuela's breaches, the Funds are entitled to damages in the

amounts discussed below.  Hanlon Decl. ¶¶  47, 54, 61.

**11.75% 2026 Bonds – Pharo Macro:**

115.    Pharo Macro is a current beneficial owner of $5,000,000 principal amount of the

11.75% 2026 Bonds.  Ex. B at 4.

116.    The 2026s Listing Memorandum sets forth the terms of the 11.75% 2026 Bonds.

Ex. F (2026s Listing Memorandum).

117.    The bonds accrue interest on April 21 and October 21 of each year at a rate of

11.75% per year (or 5.875% per payment).  Ex. F (2026s Listing Memorandum).

118.    Venezuela failed to make interest payments of 5.875% on October 21, 2017, April

21, 2018, October 21, 2018, April 21, 2019, October 21, 2019, April 21, 2020, and October 21,

2020 as required by the terms of the 11.75% 2026 Bonds.  Hanlon Decl. ¶ 63; Ex. F at 15 (2026s

Listing Memorandum).

119.    Venezuela has yet to make those interest payments.  Hanlon Decl. ¶ 64.

120.    As a result of Venezuela's breaches, Pharo Macro is entitled to damages in the

amounts discussed below.  Hanlon Decl. ¶ 65.

**9.25% 2027 Bonds – The Funds:**

121.    Pharo Gaia is a current beneficial owner of $143,000,000 principal amount of the 9.25% 2027 Bonds.  Ex. B at 2.

122.    Pharo Macro is a current beneficial owner of $106,000,000 principal amount of the 9.25% 2027 Bonds.  Ex. B at 4.

123.    Pharo Trading is a current beneficial owner of $27,000,000 principal amount of the 9.25% 2027 Bonds.  Ex. B at 1.

124.    The 2027s Prospectus sets forth the terms of the 9.25% 2027 Bonds.  Ex. G (2027s Prospectus).

125.    The bonds accrue interest on March 15 and September 15 of each year at a rate of 9.25% per year (or 4.625% per payment).  Ex. G (2027s Prospectus).

126.    Venezuela failed to make interest payments of 4.625% on March 15, 2018, September 15, 2018, March 15, 2019, September 15, 2019, March 15, 2020, September 15, 2020, and March 15, 2021, as required by the terms of the 9.25% 2027 Bonds.  Hanlon Decl. ¶¶ 67, 71, 75; Ex. G at 73 (2027s Prospectus).

127.    Venezuela has yet to make those interest payments.  Hanlon Decl. ¶¶ 68, 72, 76.

128.    As a result of Venezuela's breaches, the Funds are entitled to damages in the amounts discussed below.  Hanlon Decl. ¶¶ 69, 73, 77.

**9.375% 2034 Bonds – Pharo Gaia and Pharo Macro:**

129.    Pharo Gaia is a current beneficial owner of $25,000,000 principal amount of the 9.375% 2034 Bonds.  Ex. B at 3.

130.    Pharo Macro is a current beneficial owner of $5,000,000 principal amount of the 9.375% 2034 Bonds.  Ex. B at 4.

131.    The Registered Global Security for the 2034s sets forth the terms of the 9.375% 2034 Bonds.  Ex. I (2034s Registered Global Security).

132.    The bonds accrue interest on January 13 and July 13 of each year at a rate of 9.375% per year (or 4.6875% per payment).  Ex. I (2034s Registered Global Security).

133.    A group of creditors holding 25% or more in aggregate outstanding principal mount of the 9.375% 2034 Bonds accelerated those bonds in accordance with the 1998 FAA and the bond terms on December 6, 2018, at which time the entire principal amount became due and payable. Hanlon Decl. ¶¶ 81, 88; Ex. I (2034s Registered Global Security).

134.    Because Venezuela has not repaid the principal amount, the bonds continue to accrue interest at a rate of 9.375% per year, payable on January 13 and July 13 of each year.  Ex. I (2034s Registered Global Security).

135.    Venezuela failed to make interest payments of 4.6875% on January 13, 2018, July 13, 2018, January 13, 2019, July 13, 2019, January 13, 2020, July 13, 2020, and January 13, 2021, as required by the terms of the 9.375% 2034 Bonds.  Hanlon Decl. ¶¶ 79, 86; Ex. I at 2 (2034s Registered Global Security).

136.    Venezuela has yet to make those interest payments.  Hanlon Decl. ¶¶ 80, 87.

137.    Venezuela failed to pay the principal amount on the 9.375% 2034 Bonds, which became due and payable on December 6, 2018.  Hanlon Decl. ¶¶ 82, 89; Ex. I at 13–14 (2034s Registered Global Security).

138.    Venezuela has yet to make those principal payments.  Hanlon Decl. ¶¶ 83, 90.

139.    As a result of Venezuela's failure to pay the entire principal amount when the 9.375% 2034 Bonds were accelerated, biannual interest payments on the bonds continue to accrue at a rate of 9.375% per year.  Ex. I (2034s Registered Global Security).

140.    As a result of Venezuela's breaches, Pharo Gaia and Pharo Macro are entitled to damages in the amounts discussed below.  Hanlon Decl. ¶¶ 84, 91.

**7.00% 2038 Bonds – Pharo Trading:**

141.    Pharo Trading is a current beneficial owner of $7,000,000 principal amount of the 7.00% 2038 Bonds. Ex. B at 1.

142.    The 2038s Listing Memorandum sets forth the terms of the 7.00% 2038 Bonds.  Ex. J (2038s Listing Memorandum).

143.    The bonds accrue interest on March 31 and September 30 of each year at a rate of 7.00% per year (or 3.50% per payment).  Ex. J (2038s Listing Memorandum).

144.    Venezuela failed to make interest payments of 3.50% on March 31, 2018, September 30, 2018, March 31, 2019, September 30, 2019, March 31, 2020, September 30, 2020, and March 31, 2021, as required by the terms of the 7.00% 2038 Bonds.  Hanlon Decl. ¶ 93; Ex. J at 18 (2038s Listing Memorandum).

145.    Venezuela has yet to make those interest payments.  Hanlon Decl. ¶ 94.

146.    As a result of Venezuela's breaches, Pharo Trading is entitled to damages in the amounts discussed below.  Hanlon Decl. ¶ 95.

147.    Default judgment in favor of Plaintiffs is therefore warranted on the undisputed facts.

**E.    Proposed Damages and the Basis for Each Element of Damages**

148.    As a result of Venezuela's contract breaches, Plaintiffs are entitled to four categories of damages: missed principal payments, missed interest payments, prejudgment interest, and attorneys' fees and costs.

*149.    First*, Plaintiffs are entitled to missed principal payments.  Principal on the 9.375% 2034 Bonds came due on December 6, 2018 and has not been paid.   Principal on the 6.00% 2020

Bonds came due on December 9, 2020 and has not been paid.  Principal on the 7.65% 2025 Bonds came due on December 22, 2020 and has not been paid.

150.    *Second*, Plaintiffs are entitled to interest on principal.  That includes pre-maturity biannual interest payments that already have accrued, and also includes post-maturity biannual interest payments that already have accrued or may accrue before the date of judgment.  Venezuela agreed in the global note governing each series of bonds "to pay interest … at the [applicable rate] until the principal hereof is paid or made available for payment."  *See, e.g.*, Ex. I at 2 (2034s Registered Global Security).

151.    Thus, because Venezuela has not paid the principal owed on the 6.00% 2020 Bonds, the 7.65% 2025 Bonds, or the 9.375% 2034 Bonds upon their maturity, Venezuela remains obligated to make biannual interest payments after maturity at the same rates and on the same dates that it made interest payments before maturity.  *See NML Capital v. Republic of Argentina*, 17 N.Y.3d 250, 259–62 (2011).  In addition, to the extent the date of final judgment falls between two biannual interest payments, Plaintiffs are entitled to interest that has accrued at the contract rate up to the judgment date.

152.    *Third*, Plaintiffs are entitled to statutory prejudgment interest on all missed interest payments.  Under New York law, which applies under the terms of the Fiscal Agency Agreements and the Bonds (*supra* at 8),[6] prejudgment interest accrues at the statutory rate of 9% (CPLR 5004) for missed pre-maturity and post-maturity interest payments.  *See NML Capital*, 17 N.Y.3d at 265–67 (statutory prejudgment interest accrues for post-maturity interest payments); *see also Capital*

---

[6]   This Court has previously held in a case dealing with similar bonds and FAAs that New York's prejudgment interest statute applies, because while "the Court has jurisdiction over this action pursuant to the FSIA, the substantive law governing Plaintiffs' claims is the law of New York." *Pharo Gaia Fund, Ltd. v. Bolivarian Rep. of Venezuela*, No. 1:19-cv-03123-AT (S.D.N.Y. Sept. 30, 2020), ECF No. 56 at 13.

*Ventures Int'l v. Republic of Argentina*, 552 F.3d 289, 296 (2d Cir. 2009) (applying New York's statutory prejudgment interest rate).

153.     Prejudgment interest runs "from the date the [interest] payment[s] became due" until the date of judgment. *NML Capital*, 17 N.Y.3d at 258; *see also* CPLR 5001.  Plaintiffs do not claim statutory prejudgment interest on missed principal payments.

154.     *Finally*, Plaintiffs are entitled to attorneys' fees and costs.  Venezuela's failure to pay interest and principal on the Bonds for more than 30 days constitutes an "Event of Default" under the global notes. *See, e.g.*, Ex. I at 12 (2034s Registered Global Security).  As a result, under the terms of the 2034s Registered Global Security, Plaintiffs are entitled to an awarded of "all reasonable and documented out-of-pocket expenses," including "all reasonable counsel fees and court costs, stamp taxes, duties and fees[] incurred in connection with . . . the enforcement of the Securities."  Ex. I at 14 (2034s Registered Global Security).

### i.     Calculation of Damages

155.     Plaintiffs therefore request damages as follows:

### 6.00% 2020 Bonds

**Pharo Gaia**

156.     <u>Principal Payments</u>: $186,000,000 in missed principal payments that accrued on December 9, 2020.  Hanlon Decl. ¶ 6.

157.     <u>Interest on Principal</u>: $39,060,000 for the seven missed biannual interest payments on December 9, 2017, June 9, 2018,  December 9, 2018, June 9, 2019, December 9, 2019, June 9, 2020, and December 9, 2020, plus any further post-maturity interest payments that accrue by the date of judgment, plus any interest that accrues between the last interest payment and the date of judgment.  Hanlon Decl. ¶ 4.

158.   <u>Prejudgment Interest</u>: Prejudgment interest on missed interest payments that accrues at the 9% statutory rate from the date of each missed interest payment.

159.   <u>Attorneys' fees</u>:  In an amount to be proved after the entry of judgment.

**Pharo Macro**

160.   <u>Principal Payments</u>: $190,450,000 in missed principal payments that accrued on December 9, 2020.  Hanlon Decl. ¶ 12.

161.   <u>Interest on Principal</u>: $39,994,500 for the seven missed biannual interest payments on December 9, 2017, June 9, 2018,  December 9, 2018, June 9, 2019, December 9, 2019, June 9, 2020, and December 9, 2020, plus any further post-maturity interest payments that accrue by the date of judgment, plus any interest that accrues between the last interest payment and the date of judgment.  Hanlon Decl. ¶ 10.

162.   <u>Prejudgment Interest</u>: Prejudgment interest on missed interest payments that accrues at the 9% statutory rate from the date of each missed interest payment.

163.   <u>Attorneys' fees</u>:  In an amount to be proved after the entry of judgment.

**Pharo Trading**

164.   <u>Principal Payments</u>: $4,500,000 in missed principal payments that accrued on December 9, 2020.  Hanlon Decl. ¶ 18.

165.   <u>Interest on Principal</u>: $945,000 for the seven missed biannual interest payments on December 9, 2017, June 9, 2018,  December 9, 2018, June 9, 2019, December 9, 2019, June 9, 2020, and December 9, 2020, plus any further post-maturity interest payments that accrue by the date of judgment, plus any interest that accrues between the last interest payment and the date of judgment.  Hanlon Decl. ¶ 16.

166.   <u>Prejudgment Interest</u>: Prejudgment interest on missed interest payments that accrues at the 9% statutory rate from the date of each missed interest payment.

167.   <u>Attorneys' fees</u>:  In an amount to be proved after the entry of judgment.

## 9.00% 2023 Bonds

**Pharo Gaia**

168.   <u>Interest on Principal</u>: $7,560,000 for the seven missed biannual interest payments on November 7, 2017, May 7, 2018, November 7, 2018, May 7, 2019, November 7, 2019, May 7, 2020, and November 7, 2020, plus any further pre-maturity interest payments that accrue by the date of judgment, plus any interest that accrues between the last interest payment and the date of judgment.  Hanlon Decl. ¶ 22.

169.   <u>Prejudgment Interest</u>: Prejudgment interest on missed interest payments that accrues at the 9% statutory rate from the date of each missed interest payment.

170.   <u>Attorneys' fees</u>:  In an amount to be proved after the entry of judgment.

**Pharo Macro**

171.   <u>Interest on Principal</u>: $5,985,000 for the seven missed biannual interest payments on November 7, 2017, May 7, 2018, November 7, 2018, May 7, 2019, November 7, 2019, May 7, 2020, and November 7, 2020, plus any further pre-maturity interest payments that accrue by the date of judgment, plus any interest that accrues between the last interest payment and the date of judgment.  Hanlon Decl. ¶ 26.

172.   <u>Prejudgment Interest</u>: Prejudgment interest on missed interest payments that accrues at the 9% statutory rate from the date of each missed interest payment.

173.   <u>Attorneys' fees</u>:  In an amount to be proved after the entry of judgment.

**8.25% 2024 Bonds**

**Pharo Gaia**

174.    <u>Interest on Principal</u>: $24,915,000 for the eight missed biannual interest payments on October 13, 2017, April 13, 2018, October 13, 2018, April 13, 2019, October 13, 2019, April 13, 2020, October 13, 2020, and April 13, 2021, plus any further pre-maturity interest payments that accrue by the date of judgment, plus any interest that accrues between the last interest payment and the date of judgment.  Hanlon Decl. ¶ 30.

175.    <u>Prejudgment Interest</u>: Prejudgment interest on missed interest payments that accrues at the 9% statutory rate from the date of each missed interest payment.

176.    <u>Attorneys' fees</u>:  In an amount to be proved after the entry of judgment.

**Pharo Macro**

177.    <u>Interest on Principal</u>: $14,619,000 for the eight missed biannual interest payments on October 13, 2017, April 13, 2018, October 13, 2018, April 13, 2019, October 13, 2019, April 13, 2020, October 13, 2020, and April 13, 2021, plus any further pre-maturity interest payments that accrue by the date of judgment, plus any interest that accrues between the last interest payment and the date of judgment.  Hanlon Decl. ¶ 34.

178.    <u>Prejudgment Interest</u>: Prejudgment interest on missed interest payments that accrues at the 9% statutory rate from the date of each missed interest payment.

179.    <u>Attorneys' fees</u>:  In an amount to be proved after the entry of judgment.

**Pharo Trading**

180.    <u>Interest on Principal</u>: $5,841,000 for the eight missed biannual interest payments on October 13, 2017, April 13, 2018, October 13, 2018, April 13, 2019, October 13, 2019, April 13, 2020, October 13, 2020, and April 13, 2021, plus any further pre-maturity interest payments

that accrue by the date of judgment, plus any interest that accrues between the last interest payment and the date of judgment.  Hanlon Decl. ¶ 38.

181.    <u>Prejudgment Interest</u>: Prejudgment interest on missed interest payments that accrues at the 9% statutory rate from the date of each missed interest payment.

182.    <u>Attorneys' fees</u>:  In an amount to be proved after the entry of judgment.

**7.65% 2025 Bonds**

**Pharo Gaia**

183.    <u>Principal Payments</u>: $176,000,000 in missed principal payments that accrued on December 22, 2020.  Hanlon Decl. ¶ 45.

184.    <u>Interest on Principal</u>: $47,124,000 for the seven missed biannual interest payments on October 21, 2017, April 21, 2018, October 21, 2018, April 21, 2019, October 21, 2019, April 21, 2020, and October 21, 2020, plus any further pre-maturity interest payments that accrue by the date of judgment, plus any interest that accrues between the last interest payment and the date of judgment.  Hanlon Decl. ¶ 42.[7]

185.    <u>Prejudgment Interest</u>: Prejudgment interest on missed interest payments that accrues at the 9% statutory rate from the date of each missed interest payment.

186.    <u>Attorneys' fees</u>:  In an amount to be proved after the entry of judgment.

**Pharo Macro**

187.    <u>Principal Payments</u>: $255,500,000 in missed principal payments that accrued on December 22, 2020.  Hanlon Decl. ¶ 52.

---

[7]  An eighth pre-maturity interest payment is due on April 21, 2021, in the amount of $6,732,000. In anticipation of Venezuela failing to make this contractually required payment, it is included in the proposed default judgment.

188.   <u>Interest on Principal</u>: $68,410,125 for the seven missed biannual interest payments on October 21, 2017, April 21, 2018, October 21, 2018, April 21, 2019, October 21, 2019, April 21, 2020, and October 21, 2020, plus any further pre-maturity interest payments that accrue by the date of judgment, plus any interest that accrues between the last interest payment and the date of judgment.  Hanlon Decl. ¶ 49.[8]

189.   <u>Prejudgment Interest</u>: Prejudgment interest on missed interest payments that accrues at the 9% statutory rate from the date of each missed interest payment.

190.   <u>Attorneys' fees</u>:  In an amount to be proved after the entry of judgment.

**Pharo Trading**

191.   <u>Principal Payments</u>: $26,000,000 in missed principal payments that accrued on December 22, 2020.  Hanlon Decl. ¶ 59.

192.   <u>Interest on Principal</u>: $6,961,500 for the seven missed biannual interest payments on October 21, 2017, April 21, 2018, October 21, 2018, April 21, 2019, October 21, 2019, April 21, 2020, and October 21, 2020, plus any further pre-maturity interest payments that accrue by the date of judgment, plus any interest that accrues between the last interest payment and the date of judgment.  Hanlon Decl. ¶ 56.[9]

193.   <u>Prejudgment Interest</u>: Prejudgment interest on missed interest payments that accrues at the 9% statutory rate from the date of each missed interest payment.

194.   <u>Attorneys' fees</u>:  In an amount to be proved after the entry of judgment.

---

[8]   An eighth pre-maturity interest payment is due on April 21, 2021, in the amount of $9,772,875. In anticipation of Venezuela failing to make this contractually required payment, it is included in the proposed default judgment.

[9]   An eighth pre-maturity interest payment is due on April 21, 2021, in the amount of $994,500. In anticipation of Venezuela failing to make this contractually required payment, it is included in the proposed default judgment.

**11.75% 2026 Bonds – Pharo Macro**

195.     Interest on Principal: $2,056,250 for the seven missed biannual interest payments on October 21, 2017, April 21, 2018, October 21, 2018, April 21, 2019, October 21, 2019, April 21, 2020, and October 21, 2020, plus any further pre-maturity interest payments that accrue by the date of judgment, plus any interest that accrues between the last interest payment and the date of judgment.  Hanlon Decl. ¶ 63.[10]

196.     Prejudgment Interest:  Prejudgment interest on missed interest payments that accrues at the 9% statutory rate from the date of each missed interest payment.

197.     Attorneys' fees:  In an amount to be proved after the entry of judgment.

**9.25% 2027 Bonds**

**Pharo Gaia**

198.     Interest on Principal: $46,296,250 for the seven missed biannual interest payments on March 15, 2018, September 15, 2018, March 15, 2019, September 15, 2019, March 15, 2020, September 15, 2020, and March 15, 2021, plus any further pre-maturity interest payments that accrue by the date of judgment, plus any interest that accrues between the last interest payment and the date of judgment.  Hanlon Decl. ¶ 67.

199.     Prejudgment Interest: Prejudgment interest on missed interest payments that accrues at the 9% statutory rate from the date of each missed interest payment.

200.     Attorneys' fees:  In an amount to be proved after the entry of judgment.

---

[10]  An eighth pre-maturity interest payment is due on April 21, 2021, in the amount of $293,750. In anticipation of Venezuela failing to make this contractually required payment, it is included in the proposed default judgment.

**Pharo Macro**

201. <u>Interest on Principal</u>: $34,317,500 for the seven missed biannual interest payments on March 15, 2018, September 15, 2018, March 15, 2019, September 15, 2019, March 15, 2020, September 15, 2020, and March 15, 2021, plus any further pre-maturity interest payments that accrue by the date of judgment, plus any interest that accrues between the last interest payment and the date of judgment.  Hanlon Decl. ¶ 71.

202. <u>Prejudgment Interest</u>: Prejudgment interest on missed interest payments that accrues at the 9% statutory rate from the date of each missed interest payment.

203. <u>Attorneys' fees</u>:  In an amount to be proved after the entry of judgment.

**Pharo Trading**

204. <u>Interest on Principal</u>: $8,741,250 for the seven missed biannual interest payments on March 15, 2018, September 15, 2018, March 15, 2019, September 15, 2019, March 15, 2020, September 15, 2020, and March 15, 2021, plus any further pre-maturity interest payments that accrue by the date of judgment, plus any interest that accrues between the last interest payment and the date of judgment.  Hanlon Decl. ¶ 75.

205. <u>Prejudgment Interest</u>: Prejudgment interest on missed interest payments that accrues at the 9% statutory rate from the date of each missed interest payment.

206. <u>Attorneys' fees</u>:  In an amount to be proved after the entry of judgment.

**<u>9.375% 2034 Bonds</u>**

**Pharo Gaia**

207. <u>Principal Payments</u>:  $25,000,000 in missed principal payments that accrued on December 6, 2018.  Hanlon Decl. ¶ 82.

208. <u>Interest on Principal</u>: $8,203,125 for the seven missed biannual interest payments on January 13, 2018, July 13, 2018, January 13, 2019, July 13, 2019, January 13, 2020, July 13,

2020, and January 21, 2021, plus any further post-maturity interest payments that accrue by the date of judgment, plus any interest that accrues between the last interest payment and the date of judgment.  Hanlon Decl. ¶ 79.

209.   <u>Prejudgment Interest</u>: Prejudgment interest on missed interest payments that accrues at the 9% statutory rate from the date of each missed interest payment.

210.   <u>Attorneys' fees</u>:  In an amount to be proved after the entry of judgment.

**Pharo Macro**

211.   <u>Principal Payments</u>:  $5,000,000 in missed principal payments that accrued on December 6, 2018.  Hanlon Decl. ¶ 89.

212.   <u>Interest on Principal</u>: $1,640,625 for the seven missed biannual interest payments on January 13, 2018, July 13, 2018, January 13, 2019, July 13, 2019, January 13, 2020, July 13, 2020, and January 13, 2021, plus any further pre-maturity interest payments that accrue by the date of judgment, plus any interest that accrues between the last interest payment and the date of judgment.  Hanlon Decl. ¶ 86.

213.   <u>Prejudgment Interest</u>: Prejudgment interest on missed interest payments that accrues at the 9% statutory rate from the date of each missed interest payment.

214.   <u>Attorneys' fees</u>:  In an amount to be proved after the entry of judgment.

**<u>7.00% 2038 Bonds – Pharo Trading</u>**

215.   <u>Interest on Principal</u>: $1,715,000 for the seven missed biannual interest payments on March 31, 2018, September 30, 2018, March 31, 2019, September 30, 2019, March 31, 2020, September 30, 2020, and March 31, 2021, plus any further pre-maturity interest payments that accrue by the date of judgment, plus any interest that accrues between the last interest payment and the date of judgment.  Hanlon Decl. ¶ 93.

216.   <u>Prejudgment Interest</u>:   Prejudgment interest on missed interest payments that accrues at the 9% statutory rate from the date of each missed interest payment.

217.   <u>Attorneys' fees</u>:  In an amount to be proved after the entry of judgment.

218.   In sum, Plaintiffs are entitled to damages in the following amounts:  Pharo Gaia is entitled to $560,158,375 plus any interest payments that may accrue and remain unpaid prior to the date of judgment, along with prejudgment interest.  Pharo Macro is entitled to $617,973,000 plus any interest payments that may accrue and remain unpaid prior to the date of judgment, along with prejudgment interest and attorneys' fees.  Pharo Trading is entitled to $54,703,750 plus any interest payments that may accrue and remain unpaid prior to the date of judgment, along with prejudgment interest and attorneys' fees.[11]

**ii.   Plaintiffs Are Entitled to Postjudgment Interest**

219.   Once the Court enters judgment against Venezuela, Plaintiffs will be entitled to statutory postjudgment interest on the entire judgment amount.  Postjudgment interest, unlike prejudgment interest, is governed by federal statute.  *See* 28 U.S.C. § 1961(a); *Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109 (2d Cir. 2013); *see also NML Capital*, 435 F. App'x at 44 (directing the application of 28 U.S.C. § 1961(a)).  Postjudgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  28 U.S.C. § 1961(a).

---

[11]   As noted above, the proposed default judgment includes anticipated missed interest payments on April 21, 2021.  The damages including those payments are $566,890,375 for Pharo Gaia, $628,039,625 for Pharo Macro, and $55,698,250 for Pharo Trading, plus any interest payments that may accrue and remain unpaid prior to the date of judgment, along with prejudgment interest.

**F.        No Inquest Into Damages**

220.    No separate inquest for damages is necessary.  On a motion or application for default judgment, "[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."  *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (alteration in original).  "Upon entry of a default, a plaintiff's claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed," however, "such a hearing is not mandatory."  *Id.*  "No hearing is required as long as the court ensures that there is a basis for the damages specified in the default judgment." *Double Green Produce, Inc. v. Forum Supermarket Inc.*, 387 F. Supp. 3d 260, 271–72 (E.D.N.Y. 2019) (alterations and quotation marks omitted).  This requirement may be satisfied "upon a review of detailed affidavits and documentary evidence."  *Cement & Concrete Workers*, 699 F.3d at 234.

221.    Here, Plaintiffs have established their entitlement to the claimed damages through the submission of "detailed affidavits and documentary evidence" showing both their beneficial ownership of the bonds and the amount and date of missed payments on the bonds.  An inquest is not necessary to determine the proper scope of damages here, and would unnecessarily expend judicial resources.

Executed:  April 21, 2021

Washington, DC

/s/ Matthew D. McGill
Matthew D. McGill
MMcGill@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 887-3680

*Counsel for Plaintiffs Pharo Gaia Fund, Ltd. and Pharo Macro Fund, Ltd.*