UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHARO GAIA FUND, LTD., PHARO MACRO FUND, LTD., and PHARO TRADING FUND, LTD.,

                    Plaintiffs,

-against-

THE BOLIVARIAN REPUBLIC OF VENEZUELA,

                    Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/7/2021
```

20 Civ. 8497 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On April 21, 2021, Plaintiffs, Pharo Gaia Fund, Ltd. ("Pharo Gaia"), Pharo Macro Fund, Ltd. ("Pharo Macro"), and Pharo Trading Fund, Ltd. ("Pharo Trading"), moved by order to show cause for a default judgment under Federal Rule of Civil Procedure 55 and Local Civil Rule 55.2, ECF No. 23, in this action for breach of contract against Defendant, the Bolivarian Republic of Venezuela ("Venezuela"), Compl. ¶ 1, ECF No. 1. For the reasons stated below, Plaintiffs' motion for default judgment is GRANTED.

## BACKGROUND[1]

These cases involve eight series of bonds (the "Bonds"), issued in 1997, 1998, and 2001. Compl. ¶ 1. Plaintiffs are beneficial owners of the Bonds. McGill Decl. Ex. B, ECF No. 25-7; Hanlon Decl. ¶¶ 3, 9, 15, 21, 25, 29, 33, 37, 41, 48, 55, 62, 66, 70, 74, 78, 85, 92, ECF No. 24.

All series of Bonds were issued pursuant to fiscal agency agreements. McGill Decl. ¶ 59. Among other things, those agreements provide that Defendant waives its sovereign immunity with respect to claims arising out of the Bonds, McGill Decl. Ex. K § 14(d), ECF No. 25-16, McGill Decl. Ex. L § 14(d), ECF No. 25-17, McGill Decl. Ex. N § 14(d), ECF No. 25-19, consents to be sued in

---

[1] The facts below are drawn from the affidavits and supporting documents submitted by Plaintiffs. *Reed v. Islamic Republic of Iran*, 845 F. Supp. 2d 204, 211–12 (D.D.C. 2012).

Supreme Court, New York County or in the United States District Court for the Southern District of New York, McGill Decl. Ex. K § 14(a), McGill Decl. Ex. L § 14(a), McGill Decl. Ex. N § 14(a), and agrees that New York law will govern the agreements and the Bonds as relevant here, McGill Decl. Ex. K §12, McGill Decl. Ex. L § 12, McGill Decl. Ex. N § 12.

Between October 2017 and the filing of the complaint, Defendant failed to make six interest payments on each series of Bonds. Hanlon Decl. ¶¶ 4–5, 10–11, 16–17, 22–23, 26–27, 30–31, 34–35, 38–39, 42–43, 49–50, 56–57, 63–64, 67–68, 71–72, 75–76, 79–80, 86–87, 93–94. Defendant also did not pay the principal on the 9.375% 2034 Bonds, which were accelerated on December 6, 2018, in accordance with the relevant agreement, making both principal and interest immediately fully due. *Id.* ¶¶ 81–83, 88–90. Since Plaintiffs filed the complaint, Defendant has failed to make additional payments on each series of Bonds, and failed to pay the principal on the 6.00% 2020 Bonds and the 7.65% 2025 Bonds, the latter of which were accelerated in accordance with the relevant agreement. *Id.* ¶¶ 4–7, 10–13, 16–19, 22–23, 26–27, 30–31, 34–35, 38–39, 42–46, 49–53, 56–60, 63–64, 67–68, 71–72, 75–76, 79–80, 86–87, 93–94.

On October 12, 2020, Plaintiffs brought this breach of contract action to recover the amount owed on the Bonds. Compl. ¶ 1. On February 12, 2021, Defendant was served pursuant to 28 U.S.C. § 1608(a)(4). 3/18/2021 Dkt. Entry. Defendant has not appeared. On April 15, 2021, the Clerk of Court entered a certificate of default. ECF No. 22. On April 21, 2021, Plaintiffs filed the following documents on the public docket: a proposed order to show cause, ECF No. 23, an affidavit from Jeffery Hanlon, a senior partner to the U.S. investment manager to Plaintiffs, ECF No. 24, a declaration of Plaintiffs' counsel, Matthew McGill, ECF No. 25, and a proposed default judgment, ECF No. 27.

Plaintiffs also requested that the Court waive its usual practices to proceed by order to show cause. ECF No. 26. Defendant, though not appearing, opposed this request. ECF No. 28. On May

27, 2021, the Court entered an order stating that it would not proceed by order to show cause, ECF No. 30, because the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602, *et seq.* ("FSIA"), which requires only service of a default judgment on a foreign state, applies, *see* ECF No. 26.

## ANALYSIS

I. <u>Jurisdiction</u>

    A.    Sovereign Immunity

Under FSIA, foreign states are immune from suit, but they can waive that immunity "either explicitly or by implication." 28 U.S.C. §§ 1604, 1605(a)(1). In the fiscal agency agreements governing the bonds at issue here, Defendant expressly waived its sovereign immunity. McGill Decl. Ex. K § 14(d), Ex. L § 14(d), Ex. N § 14(d). Accordingly, the Court has jurisdiction to consider Plaintiffs' claims. *See EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 209 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014).

    B.    Service

Under FSIA, a plaintiff can effect service upon a foreign state by (1) "delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state," (2) "delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents," (3) "sending a copy of the summons and complaint and a notice of suit, . . . by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned," or (4) "sending two copies of the summons and complaint and a notice of suit, . . . by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, . . . and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were

transmitted." 28 U.S.C. § 1608(a). "[A] plaintiff must attempt service by the first method (or determine that it is unavailable) before proceeding to the second method, and so on." *Angellino v. Royal Family Al-Saud*, 688 F.3d 771, 773 (D.C. Cir. 2012) (citations omitted).

Here, service under §§ 1608(a), (b), and (c) is unavailable because Plaintiffs attempted and failed to serve Defendant through the Consulate General, as provided in the fiscal agency agreements, McGill Decl. ¶ 22, service through an international convention is unavailable because of the current political situation in Venezuela, *id.* ¶ 23, and service by mail is unavailable because Venezuela has formally objected to such service, *id.* Accordingly, service on Defendant, effected through the Clerk of Court mailing two copies of the complaint and related papers to the United States Department of State for service on Venezuela, and the Department of State then delivering the complaint and related papers to the Venezuela embassy in Washington, D.C., *id.* ¶¶ 23–25, 3/18/2021 Docket Entry, was proper pursuant to § 1608(a)(4).

   II.   Liability

Defendant defaulted by failing to answer the complaint or otherwise defend this action. Fed. R. Civ. P. 55(a); 28 U.S.C. § 1608(d) ("In any action brought in a court of the United States . . ., a foreign state . . . shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under [FSIA]").

In addition, because Plaintiffs brought this suit against a foreign state, FSIA's standard for the granting of default judgments applies. Under 28 U.S.C. § 1608(e), courts can grant default judgments against foreign states only if the moving party can demonstrate evidence on the merits "satisfactory to the [C]ourt." Therefore, the Court cannot "unquestioningly accept a complaint's unsupported allegations as true," *Reed v. Islamic Republic of Iran*, 845 F. Supp. 2d 204, 211 (D.D.C. 2012) (citation omitted), but rather, the standard must be met "through uncontroverted factual allegations, which are supported by . . . documentary and affidavit evidence," *In re*

4

*Terrorist Attacks on September 11, 2001*, No. 03 Civ. 9848, 2012 WL 3090979, at *8 n.1 (S.D.N.Y. July 30, 2012) (quoting *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 59 (D.D.C. 2010)).

Plaintiffs, as beneficial owners authorized to bring suit by the registered holder of the Bonds, have contractual standing to bring this action.  McGill Decl. Exs. P, Q, ECF Nos. 25-21, 25-22; *see Allan Applestein TTEE FBO D.C.A. v. Province of Buenos Aires*, 415 F.3d 242, 245 (2d Cir. 2005); *Etevob v. Republic of Argentina*, 471 F. Supp. 2d 432, 443 (S.D.N.Y. 2007) ("[A]n owner of a beneficial interest . . . must receive authorization from the registered holder of the bond before it may sue[.]"), *aff'd sub nom. Mazzini v. Republic of Argentina*, 282 F. App'x 907 (2d Cir. 2008).

Defendant has failed to pay interest as required by the Bonds between October 2017 and the filing of the complaint, a total of six payments for each series.  Hanlon Decl. ¶¶ 4–5, 10–11, 16–17, 22–23, 26–27, 30–31, 34–35, 38–39, 42–43, 49–50, 56–57, 63–64, 67–68, 71–72, 75–76, 79–80, 86–87, 93–94.  Defendant also failed to pay the principal amount due on the 9.375% 2034 Bonds, which were accelerated on December 6, 2018, rendering the full amount of unpaid principal and interest immediately due.  *Id.* ¶¶ 81–83, 88–90.

Defendant's failure to make payments required by the Bonds' terms constitutes a breach of contract.  *See MMA Consultants 1, Inc. v. Republic of Peru*, 245 F. Supp. 3d 486, 517 (S.D.N.Y.) ("A bond is, of course, a contract, and the obligations and rights of the parties are thus defined by the terms of the bond."), *aff'd*, 719 F. App'x 47 (2d Cir. 2017); *Mun. Cap. Appreciation Partners, I, L.P. v. Page*, 181 F. Supp. 2d 379, 390 (S.D.N.Y. 2002) ("Under New York law, to establish a breach of contract a plaintiff must plead and prove the following elements: (i) the existence of a contract; (ii) breach by the other party; and (iii) damages suffered as a result of the breach.").

Accordingly, Plaintiffs are entitled to default judgment on their breach of contract claims.

III.  Damages

Plaintiffs seek damages of $560,158,375 to Pharo Gaia, $617,973,000 to Pharo Macro, and $54,703,750 to Pharo Trading, which includes: (1) missed interest payments between October 2017 and the filing of the complaint; (2) missed interest payments between the filing of the complaint and April 26, 2021; (3) unpaid principal on the 9.375% 2034 Bonds; (4) unpaid principal on the 6.00% 2020 Bonds; and (5) unpaid principal on the 7.65% 2025 Bonds.  Hanlon Decl. ¶ 2; Proposed Judgment, ECF No. 27; McGill Decl. ¶¶ 149–154.  Plaintiffs also request prejudgment statutory interest, post-judgment interest as set forth in 28 U.S.C. § 1961(a), and attorneys' fees.  Hanlon Decl. ¶ 2.

Because the Court has found Defendant liable for breaching its contractual obligations to pay amounts accrued before the filing of the complaint, Plaintiffs can recover damages for the interest payments missed before that date, and the unpaid principal on the 9.375% 2034 bonds.  *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 495 (2d Cir. 1995) (stating that, in a breach of contract action, damages are generally measured at "the amount necessary to put the plaintiff in the same economic position he would have been in had the defendant fulfilled his contract." (quotation marks and citation omitted)).  In addition, in New York, plaintiffs can recover interest that has been earned between the filing of the complaint and the final judgment.  *NML Cap. v. Republic of Argentina*, 952 N.E.2d 482, 489 (N.Y. 2011).  Therefore, the Court can also award as damages the missed interest payments between the filing of the complaint and the entry of judgment.  *NML Cap. v. Republic of Argentina*, 435 F. App'x 41, 43 (2d Cir. 2011).  Plaintiffs have satisfactorily established the amounts due on each of these missed payments.  *See* Hanlon Decl.

Moreover, although principal on the 6.00% 2020 Bonds and 7.65% 2025 Bonds came due after filing the complaint, Plaintiffs are entitled to repayment on it as well.  Under Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what

6

is demanded in the pleadings." Fed. R. Civ. P. 54(c).  In the complaint, Plaintiffs requested unpaid principal that accrued and remains unpaid prior to final judgment.  Compl. ¶¶ 24, 42, at 12.  Therefore, such damages do not exceed the bounds of Rule 54(c).  They have also produced evidence satisfactory to the Court that the principal has accrued and Defendant has not paid it.  Hanlon Decl. ¶¶ 6–7, 12–13, 18–19, 44–46, 51–53, 58–60.

Finally, Plaintiffs can recover pre-judgment statutory interest, *NML Capital*, 435 F. App'x at 43, and post-judgment interest, 28 U.S.C. § 1961(a), *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996).  In addition, under the terms of the Registered Global Security for the 9.375% 2034 Bonds, Defendant's default entitles Pharo Gaia and Pharo Macro to reasonable attorneys' fees and costs "incurred in connection with any reasonable investigation of [the default] or the enforcement of the [s]ecurities."  *See* McGill Decl. Ex. I at 14, ECF No. 25-14.  However, because attorneys' fees are not provided in the other Bond documents, and Pharo Trading does not possess any 9.375% 2034 Bonds, *see* Hanlon Decl. ¶¶ 78–91, Plaintiffs have not established Pharo Trading is entitled to attorneys' fees.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion for default judgment is GRANTED.  By **October 21, 2021**, Plaintiffs shall submit an updated proposed default judgment with calculations reflecting the additional accrued damages since the filing of its motion, in accordance with this order.  By **November 8, 2021**, Pharo Gaia and Pharo Macro may file contemporaneous billing records and other documented expenses in support of an award of fees.

SO ORDERED.

Dated: October 7, 2021
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　ANALISA TORRES
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge