UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHARO GAIA FUND, LTD., PHARO MACRO FUND, LTD., and PHARO TRADING FUND, LTD.,<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>THE BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>　　　　　　Defendant. | Case No. 20-cv-8497 (AT)<br>Related to 18-cv-11940 (AT) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 1610(C)

Plaintiffs Pharo Gaia Fund, Ltd., Pharo Macro Fund, Ltd., and Pharo Trading Fund, Ltd. ("Plaintiffs") hereby move for a determination pursuant to 28 U.S.C. § 1610(c) that a reasonable period of time has elapsed since this Court's October 25, 2021 Default Judgment Order against Defendant Bolivarian Republic of Venezuela ("Venezuela") and Plaintiffs' service of that order on Venezuela, such that Plaintiffs may seek to enforce against Venezuela's assets to aid in the execution of the court's judgment.

### BACKGROUND

On October 12, 2020, Plaintiffs brought this lawsuit alleging breach of contract against Venezuela for its failure to make contractually mandated principal and interest payments on eight series of bonds issued by Venezuela. Dkt. 1. On February 12, 2021, Venezuela was served pursuant to 28 U.S.C. § 1608(a)(4). Dkt. 20 ¶ 5; Dkt. 20-2 at 1. Venezuela failed to appear, and on April 15, 2021, the Clerk of Court entered a certificate of default. Dkt. 22. On October 7, 2021, the Court entered an order granting default judgment, Dkt. 32, and entered its Final Order for Default Judgment on October 25, 2021, ordering Venezuela to pay over $1.3 billion to Plaintiffs.

Dkt. 34. On September 21, 2022, Plaintiffs requested that the Clerk of Court mail two copies of the default judgment order to the U.S. Department of State for service on Venezuela. *See* Dkt. 35; 28 U.S.C. § 1608(e). On May 26, 2023, the U.S. Department of State delivered to Plaintiffs and the Clerk of Court a letter and certified copy of the diplomatic note indicating that the documents had been delivered on May 18, 2023 to the Embassy of the Bolivarian Republic of Venezuela in Washington, DC under cover of U.S. Department of State diplomatic note. Ex. 1.

Venezuela has made no payment on the judgment or proposed a payment plan for satisfaction of the judgment.

## DISCUSSION

Under the Foreign Sovereign Immunities Act, when a party has obtained a judgment against a foreign sovereign, it may not seek to attach the property of a foreign state located in the United States in satisfaction of that judgment "until the court has . . . determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice" of default judgment under Section 1608(e). 28 U.S.C. § 1610(c). In determining whether a reasonable period of time has elapsed, courts consider a number of factors, including: (1) the "procedures . . . that may be necessary for payment of a judgment by a foreign state," (2) evidence of "steps being taken to satisfy the judgment," and (3) evidence the foreign state is attempting to "frustrate satisfaction of judgment." *Gadsby & Hannah v. Socialist Rep. of Romania*, 698 F. Supp. 483, 486 (S.D.N.Y. 1988) (quoting H.R. Rep. 1487, 94th Cong., 2d Sess. 1, 30 (1976)). Ultimately, what constitutes a "reasonable time will of course vary according to the nuances of each case." *Pharo Gaia Fund Ltd.*, 19-cv-3123, Dkt. 74 at 2 (internal quotations and citation omitted).

Courts have held that a period as little as ten days can be a reasonable amount of time before attachment of assets may commence. *See, e.g.*, *Elliott Assocs., L.P. v. Banco De La Nacion*, No. 96-cv-7916-RWS, 2000 WL 1449862, at *4 (S.D.N.Y. Sept. 29, 2000) (ten days); *Richmark*

2

*Corp. v. Timber Falling Consultants, Inc.*, No. CIV. 88-1203-FR, 1990 WL 84598, at *2 (D. Or. May 31, 1990) (thirty days); *Ned Chartering & Trading, Inc. v. Rep. of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (six weeks); *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, No. 01-cv-0634, 2002 WL 32107929, at *2 (S.D. Tex. Jan. 25, 2002) (seven weeks); *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 16-CV-661, 2017 WL 6349729, at *1 (D.D.C. June 9, 2017) (60 days in part due to Venezuela's "failure to assert that it is attempting to pay the judgment or provide any evidence of such efforts"); *Gadsby & Hannah*, 698 F. Supp. at 486 (two months).

      Here, a reasonable period of time has elapsed under Section 1610(c). Almost twenty months have passed since the Court entered a final default judgment against Venezuela, and one month has passed since Plaintiffs served the judgment on Venezuela. *See* Dkt. 34; Ex. 1. There is no realistic prospect that further delay will "allow [Venezuela] sufficient time to work through its internal procedures to satisfy the judgment." *OI Eur. Grp. B.V. v. Bolivarian Rep. of Venezuela*, 419 F. Supp. 3d 51, 54 (D.D.C. 2019). Venezuela has taken no steps to satisfy Plaintiffs' October 2021 judgment in this case, nor the separate, October 2020 judgment that two of the three Plaintiffs here obtained against Venezuela in a separate case before this Court. *See Pharo Gaia Fund Ltd.*, 19-cv-3123, Dkt. 62. And ever since defaulting on its sovereign bonds nearly six years ago, Venezuela has demonstrated a clear pattern of attempting to "frustrate the satisfaction of judgment." *Koch Minerals Sarl v. Bolivarian Rep. of Venezuela*, No. 17-CV-2559-ZMF, 2022 WL 521747, at *3 (D.D.C. Feb. 22, 2022) ("'Venezuela has a documented history of playing a shell game' to avoid service of process in this and similar litigation") (quoting *Koch Minerals. Sarl v. Bolivarian Rep. of Venezuela.*, 514 F. Supp. 3d 20, 34 (D.D.C. 2020).

Further delay also would seriously prejudice Plaintiffs.  Other courts are granting creditors leave to seek attachment of Venezuelan assets.  *See, e.g.*, *Koch Minerals Sarl*, 2022 WL 521747, at *3 (granting leave to seek attachment); *OI Eur. Grp. B.V.*, 419 F. Supp. 3d at 56 (granting leave to seek attachment and execution).  And the Office of Foreign Assets Control (OFAC) recently blessed the court-supervised sale of shares of the parent company of Citgo, Venezuela's most valuable asset in the United States.  *See* Special Master's Supp. R&R Pursuant to Sale Procedures Order at 2–3, *Crystallex Int'l Corp. v. Bolivarian Rep. of Venezuela*, No. 17-mc-00151-LPS (D. Del. Apr. 28, 2023).  The Delaware court supervising the sale has recently granted several creditors conditional writs of attachment and is moving forward with the sale, which could occur within months.  *See OI Eur. Grp. B.V. v. Bolivarian Rep. of Venezuela*, No. MC 19-290-LPS, 2023 WL 2609248, at *30 (D. Del. Mar. 23, 2023) (granting conditional writs of attachment to four creditors); Special Master's Reply to Venezuelan Parties' Objections 3, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-00151-LPS (D. Del. June 5, 2023) (recommending preparation launch date of June 26, 2023 and launch date of September 26, 2023).  Plaintiffs seek only the same treatment that their fellow creditors are receiving elsewhere on a timeline that makes recovery realistic.

Plaintiffs recognize that, apart from the sale of Citgo's parent company, OFAC sanctions currently prevent Plaintiffs from executing a writ of attachment against assets of Venezuela  unless or until the sanctions are lifted or Plaintiffs receive a specific license.  That, however, does not mean that an order pursuant to Section 1610(c) should not issue now.  Other creditors are already poised to attach assets as soon as they receive leave to do so from OFAC, and OFAC has demonstrated a willingness to allow creditors to proceed against Venezuela's assets in at least

4

some circumstances. Plaintiffs should be given an equal opportunity to position themselves to receive full recovery.

## CONCLUSION

For the foregoing reasons, Plaintiffs request leave to seek attachment and execution of Venezuela's assets in satisfaction of the default judgment entered on October 25, 2021 and served on May 18, 2023.

Dated: June 22, 2023             Respectfully submitted,

*/s/ Matthew D. McGill*
Matthew D. McGill
MMcGill@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC  20036
(202) 887-3680

Anne M. Champion
AChampion@gibsondunn.com
200 Park Avenue
New York, NY  10166
(212) 351-4000

*Counsel for Plaintiffs Pharo Gaia Fund, Ltd., Pharo Macro Fund, Ltd., and Pharo Trading Fund, Ltd.*