UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHARO GAIA FUND, LTD. and PHARO MACRO FUND, LTD., and PHARO TRADING FUND, LTD,

                Plaintiffs,

-against-

THE BOLIVARIAN REPUBLIC OF VENEZUELA,

                Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  12/7/2023
```

20 Civ. 8497 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Before the Court is Plaintiffs' motion for an order finding that a "reasonable period of time" has elapsed since the Court entered judgment against Defendant pursuant to 28 U.S.C. § 1610(c). ECF No. 36. For the reasons stated below, Plaintiffs' motion is GRANTED.

    On October 12, 2020, Plaintiffs filed this lawsuit against Defendant, alleging breach of contract for its failure to make required payments on eight series of bonds issued by Venezuela. ECF No. 1. Defendant failed to appear, and the Court granted default judgment to Plaintiffs on October 7, 2021, ordering Defendant to pay Plaintiffs over $1.3 billion. ECF No. 32; Judgment, ECF No. 34. Since that date, Defendant has not made any payments on the Judgment. McGill Decl. ¶ 4, ECF No. 38.

    Pursuant to the Foreign Sovereign Immunities Act, the property of an agency or instrumentality of a foreign state within the United States may not be attached "until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any [required] notice[.]" 28 U.S.C. § 1610(c). The statute does not define what constitutes a "reasonable time." Factors that courts consider, however, include "procedures, including legislation, that may be necessary for payment of a judgment by a foreign state, which may take several months; representations by the foreign state of steps being taken to satisfy the judgment; or any steps being taken to satisfy the judgment; or evidence that the foreign state is about to remove assets from the jurisdiction to frustrate satisfaction of the judgment." *Ferrostaal Metals Corp. v. S.S. Lash Pacifico*, 652 F. Supp. 420, 423 (S.D.N.Y. 1987) (quoting H.R. Rep. No. 1487, at 30 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6604, 6629).

    Twenty-five months have passed since the Court entered the Judgment on October 25, 2021. *See* Judgment. Although "the period of 'reasonable time' will of course vary according to the nuances of each case," *Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001), shorter periods of time have been considered "reasonable" in numerous cases. *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 9 (D.D.C. 2015) (three months); *Ned Chartering*, 130 F. Supp. 2d at 67 (six weeks); *Gadsby & Hannah v. Socialist Republic of Romania*, 698 F. Supp. 483, 486 (S.D.N.Y. 1988) (two months). Specifically, courts have found that two and five months were

reasonable amounts of time when executing a judgment against Defendant. *OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, 419 F. Supp. 3d 51 (D.D.C. 2019); *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 16 Civ. 661, 2017 WL 6349729 (D.D.C. June 9, 2017).

In 2021, moreover, the Court granted an opposed motion under 28 U.S.C. § 1610(c) in *Pharo Gaia Fund Ltd. v. Bolivarian Republic of Venezuela*, a related case, concluding that a reasonable time had passed since the entry of judgment (the "Pharo Gaia Order"). No. 19 Civ. 3123 (S.D.N.Y. May 27, 2021), ECF No. 74. A longer period of time has now elapsed, *compare* Judgment (entered over twenty-five months ago), *with* Pharo Gaia Order at 2 (holding that the seven months that had passed since the entry of judgment was a reasonable period of time). The Court sees no reason to depart from its previous reasoning.

For the reasons stated above, therefore, Plaintiffs' motion for an order finding that a "reasonable period of time" has elapsed following the entry of judgment pursuant to 28 U.S.C. § 1610(c) is GRANTED. The Clerk of Court is directed to terminate the motion at ECF No. 36.

SO ORDERED.

Dated: December 7, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge