USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/1/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHARO GAIA FUND, LTD., PHARO MACRO FUND, LTD., and PHARO TRADING FUND, LTD., <br><br>    Plaintiffs, <br><br>v. <br><br>THE BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br>    Defendant. | Case No. 20-cv-8497-AT |

**ORDER GRANTING PLAINTIFFS' MOTION TO VACATE DEFAULT JUDGMENT AND VOLUNTARILY DISMISS CLAIMS WITHOUT PREJUDICE**

  In October 2021, Plaintiffs Pharo Gaia Fund, Ltd., Pharo Macro Fund, Ltd., and Pharo Trading Fund, Ltd. obtained a default money judgment against Defendant the Bolivarian Republic of Venezuela based on Venezuela's failure to make contractually mandated payments on eight series of sovereign bonds. After attempting to enforce that judgment against Venezuela for years, Plaintiffs now move to vacate it under Rule 60(b)(6) and dismiss their claims without prejudice under Rule 41(a)(2). For the reasons stated below, the motion is GRANTED.

**I. BACKGROUND**

  In October 2021, Plaintiffs brought a breach-of-contract action against Venezuela in this Court. ECF 1. Plaintiffs alleged that Venezuela was in breach of its contractual obligations on eight series of sovereign bonds beneficially held by Plaintiffs—the 6.00% 2020 Bonds, 9.00% 2023 Bonds, 8.25% 2024 Bonds, 7.65% 2025 Bonds, 11.75% 2026 Bonds, 9.25% 2027 Bonds, 9.375% 2034 Bonds, and 7.00% 2038 Bonds. Plaintiffs served Venezuela via diplomatic means

consistent with the Foreign Sovereign Immunities Act, but Venezuela failed to appear in the action. Plaintiffs therefore filed a motion for default judgment. ECF 23.

In October 2021, this Court granted Plaintiffs' motion for default judgment. The Court held that Venezuela had waived sovereign immunity and breached its contractual obligations, and that the Plaintiffs were entitled to damages. ECF 32.

In October 2021, the Court entered a final default judgment in favor of Plaintiffs. ECF 34. The judgment awarded Plaintiffs a total of $1,396,434,079.98 in unpaid principal and accrued contractual interest, plus post-judgment interest and attorneys' fees. *Id*.

Since obtaining this judgment, Plaintiffs have sought to enforce it against Venezuela and its state-owned oil company Petróleos de Venezuela, S.A. (PDVSA). They sought a determination from this Court that a reasonable period of time had elapsed since the judgment was entered, such that enforcement could commence consistent with the FSIA. *See* 28 U.S.C. § 1610(c); ECF 36. Plaintiffs also have used this judgment, along with a prior judgment they obtained against Venezuela, *see Pharo Gaia Fund, Ltd. v. Bolivarian Republic of Venezuela* (*Pharo I*), No. 19-cv-3123-AT (S.D.N.Y. Oct. 16, 2020), ECF 62, to engage post-judgment discovery, which has resulted in multiple protective orders and litigation in other courts, *see, e.g.*, *Pharo I*, ECF 81, 89; *Pharo Gaia Fund, Ltd. v. Bolivarian Republic of Venezuela*, No. N21M-06-084 (Del. Super. Ct. Aug. 20, 2021). Sanctions by the U.S. government, however, generally prevent the enforcement of judgments against the property of Venezuela or PDVSA. 31 C.F.R. § 591.407; *see also* Exec. Order No. 13884 (Aug. 5, 2019).

The Office of Foreign Assets Control has discretion to grant specific licenses exempting certain property from this sanctions regime, but Plaintiffs have identified only one specific license issued by OFAC authorizing enforcement against attachable property of Venezuela or PDVSA— namely, a license authorizing attachments of the shares of CITGO's holding company, PDVH, in

2

Delaware federal court. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela* (*Crystallex*), No. 1:17-mc-00151-LPS (D. Del. May 5, 2023), ECF 555. Plaintiffs registered their judgment in Delaware federal court and have obtained attachments of the PDVH shares. *See Pharo Gaia Fund, Ltd. v. Bolivarian Republic of Venezuela*, No. 23-mc-360-LPS (D. Del. Aug. 3, 2022), ECF 1. Since then, Plaintiffs have participated in the ongoing sale process in that court. *See Crystallex*, ECF 679, 745, 778, 809, 1030, 1122. But it appears unlikely that Plaintiffs will obtain any relief from the future auction of PDVH shares because creditors preceding Plaintiffs hold approximately $18 billion in judgments, *see Crystallex*, ECF 789-1, and recent bids do not approach that number, *see, e.g.*, *Crystallex*, ECF 1596, at 15 (bid of approximately $3.7 billion).

While the sanctions against Venezuela remain in place, Plaintiffs' judgment has had the practical effect of making it more difficult for them to transfer or otherwise deal efficiently with the underlying bonds. Because a portion of the debt originally evidenced by the bonds has merged into the judgment, Plaintiffs' bonds are not fungible with bonds that are not subject to a judgment. To get the full bundle of creditor rights, a transferee of Plaintiffs' bonds would also need to take an assignment of the judgment. Although OFAC has issued a general license authorizing secondary-market trading of Venezuelan bonds, see OFAC, General License No. 3I, (Oct. 18, 2023), https://tinyurl.com/35466hm2, OFAC has not clarified whether it views the assignment of a judgment against Venezuela as prohibited by sanctions. Plaintiffs represent that the judgment is therefore limiting their current ability to deal efficiently with the bonds. They also point out that their status as judgment creditors is unlikely to provide any benefit in a future restructuring of Venezuela's external debt because that country's stated policy is to treat judgment creditors no different than other creditors in a restructuring. *See Pharo I*, ECF 44-1, at 2. Plaintiffs therefore have asked this Court to vacate their judgment under Rule 60(b)(6) and dismiss the underlying claims without prejudice under Rule 41(a)(2).

3

## II.   LEGAL STANDARDS

Under Rule 60(b), the Court may, "[o]n motion and just terms, the court may relieve a party … from a final judgment" based on six grounds for relief.  Plaintiffs seek to vacate their judgment under Rule 60(b)(6), which authorizes vacatur for "any other reason that justifies relief" beyond the first five subparts of Rule 60(b).  "Relief is warranted where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (quotation omitted).  To warrant relief under Rule 60(b)(6), Plaintiffs' motion must also have been "made within a reasonable time." Fed. R. Civ. P. 60(c)(1).  Under Rule 41(a)(2), the Court may dismiss an action "on terms that the court considers proper."  Voluntary dismissal generally "will be allowed if the defendant will not be prejudiced thereby."  *D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) (quotation omitted).

## III.   DISCUSSION

Based on its consideration of the facts and the law, the Court determines that granting Plaintiffs' motion is warranted here.

Vacatur of Plaintiffs' default judgment under Rule 60(b)(6) is appropriate because this case involves "extraordinary circumstances" and Plaintiffs' default judgment "work[s] an extreme and undue hardship" against them. *Brien*, 588 F.3d at 176.

This case presents an extraordinary set of facts.  Unlike most Rule 60(b)(6) cases, Plaintiffs here are moving to vacate a default judgment *in their favor*.  That unusual situation is due to a combination of Venezuela's failure to satisfy the default judgment and the U.S. government's prolonged sanctions against that country, which have rendered Plaintiffs' default judgment practically worthless despite their extensive efforts to enforce it.  Those are just the sort of "unforeseen contingencies" that Rule 60(b)(6) was designed to accommodate. *Lasky v. Cont'l*

4

*Prods. Corp.*, 804 F.2d 250, 255 n.9 (3d Cir. 1986).

Plaintiffs' default judgment also "work[s] an extreme and undue hardship" against them. *Brien*, 588 F.3d at 176. As explained, sanctions not only forbid Plaintiffs from enforcing their default judgment but also make it more difficult for them to transfer or otherwise deal efficiently with the underlying bonds. Plaintiffs have represented that the resulting lack of liquidity due to OFAC's refusal to clarify that an assignment of the judgment is permissible harms them. That unusual but acute hardship also justifies relief here.

Plaintiffs also cannot seek relief through the first five subparts of Rule 60(b). They are not seeking to "correct legal errors by the court." *Brien*, 588 F.3d at 175; *see* Fed. R. Civ. P. 60(b)(1). They also are not relying on "newly discovered evidence" that calls into question the legal basis for the judgment, asserting that the judgment was procured through "fraud … , misrepresentation, or misconduct by an opposing party," or claiming that the "judgment is void." Fed. R. Civ. P. 60(b)(2), (3), (4). And Plaintiffs' default judgment is for money damages, not prospective injunctive relief. *See Ryan v. U.S. Lines Co.*, 303 F.2d 430, 434 (2d Cir. 1962) (explaining that Rule 60(b)(5) applies only to forward-looking injunctive orders and "does not cover the case of a judgment for money damages").

Finally, Plaintiffs made their motion "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Timeliness under Rule 60(c) depends upon "the particular circumstances of the case, taking into account the reason for any delay, the possible prejudice to the non-moving party, and the interests of finality." *Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017) (quotation omitted). Those factors favor vacatur. Plaintiffs sought to enforce their judgment for years until it became clear that they were unlikely to obtain any recovery in Delaware from the auction of the PDVH shares. Vacatur of the judgment will not prejudice Venezuela; instead, it will relieve Venezuela of a court order requiring it to pay more

than a billion dollars. And the "public interest in preserving the finality of the judgment" is limited here because this case did not generate a precedential decision and does not affect non-parties. *Viera v. United States*, 595 F. Supp. 3d 1, 3 (S.D.N.Y. 2022) (quotation omitted).

The Court also determines that it is appropriate to dismiss Plaintiffs' claims against Venezuela without prejudice. Dismissal without prejudice will not harm Venezuela's interests. *D'Alto*, 100 F.3d at 283. As explained, Venezuela only benefits from the dismissal of claims that are the subject of a default money judgment. The prospect that Plaintiffs could refile their claims against Venezuela at some future date is also unlikely and (in any event) does not provide a valid basis to deny their request. *Jaskot v. Brown*, 167 F.R.D. 372, 373 (S.D.N.Y. 1996).

### IV.   CONCLUSION

For the reasons stated, it is hereby

**ORDERED** that Plaintiffs' motion to vacate their default judgment against Defendant and voluntarily dismiss their claims is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' default judgment against Defendant, ECF 34, is **VACATED;** and it is further

**ORDERED** that Plaintiffs' claims against Defendant are **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is respectfully directed to terminate the motion at ECF 42.

Dated:   May 1, 2025
         New York, New York

                                               _____
                                               Honorable Analisa Torres
                                               United States District Judge

6